[No. 7,042.—In Bank.]

D. GHIRADELLI v. W. E. GREENE, COUNTY JUDGE OF ALAMEDA COUNTY.

56  629
84  29

DEMURRER—SUMMONS.—The failure to serve a copy of the complaint with the summons is not a ground for demurrer.

JUSTICE'S COURT—JURISDICTION—LANDLORD AND TENANT.—The title or possession of real estate is not put in issue, in an action to recover rent alleged to be due on a written lease, by an answer denying the plaintiff's title and right of possession, and alleging the title and right of possession to be in some one else, under whom defendant entered and held possession.

CERTIORARI to the Judge of the Superior Court of Alameda County. GREENE, J.

*A. D. Splivalo*, for Petitioner.

*S. F. Gilcrest*, for Respondent.

SHARPSTEIN, J.:

An action was originally brought in a Justice's Court by A. C. Dietz, plaintiff, against Ghiradelli, and others, defendants, to recover rent alleged to be due upon a lease in writing. Judgment was rendered against them, and they appealed to the Superior Court, which affirmed the judgment of the Justice's Court. The proceedings of the Superior Court have been brought before us upon a writ of review, sued out by the defendants.

The defendants demurred to the complaint in the Justice's Court, on the ground that a copy of it had not been served upon them with the summons. Their counsel insists that this constituted a ground of demurrer, because the Court could not acquire jurisdiction of the defendants without the service of a copy of complaint, with the summons. But the omission would not appear upon the *face* of the complaint, which was filed before the service or even issuance of the summons, and therefore the objection could not be taken by demurrer. (Code Civ. Proc. § 423.) The demurrer on that ground was properly overruled, and the answer of the defendants to the complaint was a voluntary appearance by them, which was equivalent to personal service of the summons and copy of the complaint upon them. (Code Civ. Proc. § 416; id. § 1014.)

The defendants by their answer denied all the allegations of the complaint, and then proceeded to deny the plaintiff's title or right of possession of the premises described in the complaint, and alleged that said title and right of possession were in some other party under whom defendants entered upon and held possession of said premises. It is claimed by their counsel that this put in issue the title or possession of real property, and ousted the Justice's Court of its jurisdiction. We do not think that this claim is well founded. The real questions in issue were the making of the lease, the entry under it, and rent due. If the defendants entered under a lease they could not dispute the title of their landlord. If they did not enter under a lease, he could not recover in this action, because he based his right to recover upon such a lease. Therefore, the defendants' allegation of title in somebody else raised an immaterial issue, and that allegation might have been stricken out or disregarded altogether. If the defendants had set up in their answer an eviction under title paramount to that of the plaintiff, the case might be different. But in the absence of any such plea, the defendants were concluded upon the question of title by entering under a lease from the plaintiff.

We are unable to discover that the Court below exceeded its jurisdiction, and it is therefore ordered that its proceedings be and the same hereby are affirmed.

MORRISON, C. J., ROSS, J., McKINSTRY, J., and MYRICK, J., concurred.