[No. 12021. In Bank. — May 3, 1890.]

## DENIS LYONS, Respondent, v. PHILIP A. ROACH, Administrator, etc., et al., Appellants.

Foreclosure of Street Assessment — Summons — Misdescription of Administrator as Executor — Default of Administrator — Judgment against Property of Decedent. — It seems, though not authoritatively decided, that a misdescription of an administrator as "executor" in the summons and entry of default, in an action to enforce a street assessment against the property of a decedent, will not render void a judgment enforcing the assessment upon such property, as against the administrator of the estate, if the complaint charges him as administrator, and the affidavit of service of summons shows that he was served as administrator. It seems that the estate is thus substantially and fairly brought into court through its legal representative.

Id. — Appearance by Attorney — Recital in Judgment — Appeal — Judgment Roll. — If the judgment in such action recites that the defendants appeared by attorney, who was present upon the trial thereof, such recital must be taken as *prima facie* true, upon an appeal from the judgment, if there is nothing in the record to show the contrary; and such appearance on behalf of the administrator of the estate is equivalent to personal service of summons and complaint upon him. Such recital is not inconsistent with or overcome by the failure of the judgment roll to show such appearance. The code does not require the appearance of an attorney, to be made part of the judgment roll, and it is no proper part of the record upon appeal therefrom.

Id. — Amendment of Complaint — Appeal — Parenthetical Statement in Transcript — Judgment Roll. — The fact that the printed record upon appeal from the judgment in such action contains a parenthetical statement that the complaint was amended by changing " executor " to " administrator " cannot be considered, if such statement is no part of the judgment roll or of the record in the case; nor would such fact, if properly authenticated, make any difference if the administrator appeared by attorney after the amendment, whether served with the amended complaint or not.

Judgments — Recitals — Collateral and Direct Attack — Appeal — Presumptions. — The main difference between collateral and direct attacks upon a judgment, in respect of the judgment and its recitals, is, that upon collateral attack the record alone can be inspected, and it is conclusively presumed to be correct, while on direct attack the true facts may be shown in contradiction of the record, and thus the judgment itself on appeal may be reversed or modified. But the judgment and its recitals will be presumed to be correct upon appeal, unless the contrary is made to appear. All presumptions not contradicted by or inconsistent with the record upon an appeal from a judgment are in favor of its correctness.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*R. Percy Wright,* for Appellants.

*J. C. Bates,* for Respondent.

McFarland, J.—After argument in Bank, we are satisfied that the judgment should be affirmed.

The action is for the enforcement of a street assessment. Patrick Cunningham in his individual capacity, and also Patrick Cunningham as a representative of the estate of May Cunningham, deceased, were made parties

defendant. The complaint charges Cunningham as "administrator" of the estate, and the summons is directed to him as "executor." The affidavit of service of summons shows that he was served as administrator. A default was entered against him as "executor." Afterward, Roach succeeded Cunningham as administrator, and was substituted as defendant, and he appeals from the judgment in favor of plaintiff. His main point is, that the judgment against Cunningham as representative of the estate is void, because the summons and default name him as executor, while the complaint and judgment are against him as administrator. If we were compelled to decide this extremely technical point, we would be inclined to hold that the estate was substantially and fairly brought into court through its legal representative, and that the mistake or inadvertence by which he was called in some of the papers executor, and in others administrator, was not fatal to the default. But it is not necessary to determine this point, because the judgment recites that the defendants, "after service of summons, regularly appeared in said action by Robert Ash, Esq., an attorney of the court, who also was present on the trial thereof." This appearance was equivalent to personal service of summons and complaint. (Code Civ. Proc., sec. 416; *Ghiradelli* v. *Greene*, 56 Cal. 629.) The code does not require such appearance to be made part of the judgment roll; and as appellant appeals upon the judgment roll alone, which shows nothing contradictory of or inconsistent with said recital, it must be taken as at least *prima facie* true. All presumptions not contradicted by or inconsistent with the record are in favor of the correctness of the judgment. (*Parker* v. *Altschul*, 60 Cal. 380.) The doctrine of *Lick* v. *Stockdale*, 18 Cal. 219, *Alderson* v. *Bell*, 9 Cal. 315, and kindred cases, have been modified only with respect to those matters which are required to be shown in some part of the record other than the judgment itself. The cases cited by appellant are mostly cases where the recitals were of

matters required to appear elsewhere in the roll, or which were inconsistent with matters which did thus elsewhere appear. And the main difference between collateral and direct attacks is, that in the former the record alone can be inspected, and is conclusively presumed to be correct; while on direct attack the true facts may be shown, and thus the judgment itself on appeal may be reversed or modified. (See Freeman on Judgments, secs. 124–134, and cases there cited.) But in the case at bar the appellant showed nothing, and offered to show nothing. He comes here on the judgment roll alone, and merely contends that the judgment roll, apart from the judgment itself, does not affirmatively show that appellant appeared by attorney. He does not attempt to show that the recital of appearance is not true. But, as before stated, the code does not require the fact of appearance to be shown by the roll.

Respondent offered to amend the record by attaching to it a certified copy of a formal written appearance for Cunningham as administrator of the estate, filed in the court below; but, in the first place, such document, not being part of the judgment roll, could not be part of the record here; and in the second place, under the views above expressed, it would not be necessary.

(The printed record contains a statement in parenthesis, made by some one, that the complaint was amended by changing "executor" to "administrator"; but this statement is no part of the judgment roll or of the record in this case, and cannot be considered. It would make no difference, however, as the appearance by attorney was afterwards. And this answers appellant's second point as to the service of the amended complaint.)

We think that the averments of the complaint were sufficient, particularly in the absence of a demurrer.

Judgment affirmed.

THORNTON, J., SHARPSTEIN, J., FOX, J., and PATERSON, J., concurred.