[No. 1061.  Decided January 19, 1894.]

# ANDERSON D. TRYON, *Respondent*, v. R. F. DAVIS, *Appellant*.

LANDLORD AND TENANT — LEASE BY ONE SPOUSE OF COMMUNITY LAND — RESCISSION BY LESSEE — ACTION FOR RENT — DEFENSES — EVIDENCE.

Before a lessee can elect to rescind a lease of community real estate, which has been executed by but one of the spouses, he must give the contracting party an opportunity to furnish a contract legally executed.

In an action upon such a lease to recover rent, an answer setting up that defendant "notified the plaintiff of the defect in said lease and that he would no longer hold or occupy said premises under the same, and that he was ready then and there to surrender to the plaintiff possession of said premises or to pay him a reasonable rental for the use and occupation of the same from month to month while occupying the same," is not sufficient to constitute a defense.

Neither under such affirmative defense nor under the general issue is evidence admissible that defendant notified plaintiff's agent for the collection of rent that the lease was void and that defendant would no longer occupy the premises under it.

In an action to recover rent under the terms of a lease, proof of the lessor's ownership of the premises is unnecessary.

*Appeal from Superior Court, Spokane County.*

*Thomas C. Griffitts*, for appellant.

*Post & Avery*, and *R. B. Blake*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.— This is an action brought by respondent for the recovery of money alleged to be due on a lease. On the 1st day of July, 1889, appellant and respondent entered into an agreement in writing, whereby respondent leased to appellant, for the term of five years from said date, certain real estate in the city of Spokane, at an agreed monthly rental of $200, payable in advance.   The appel-

lant entered into possession of the premises under said lease and continued to pay the stipulated rental until July 1, 1891; at which time it is claimed by the appellant that he discovered that the lease under which he held possession was void by reason of the fact that the property leased was community property, and that the wife of the respondent had not joined in executing the lease; at which time appellant insisted that he would either abandon the lease or pay a reasonable value for the use of the premises from that time.

It is conceded that respondent and his wife were not residents of the State of Washington at the time the lease was executed, or at the time of the alleged discovery of the illegality of the contract.

The complaint was the ordinary complaint for the recovery of money due on a lease. The answer was a general denial of the allegations of the complaint, and an affirmative defense alleging that the respondent was a married man and setting up the lease, want of execution by the wife, and the further facts:

"*Fifth:* That on, to wit, the first day of July, 1891, the defendant discovered that said lease was illegal and void, and that he could not rely thereon, and that he had no rights thereunder; and he then and there notified the plaintiff of such defect in said lease, and that he would no longer hold or occupy the said premises under the same, and that he was ready then and there to surrender to the plaintiff possession of said premises or to pay him a reasonable rental for the use and occupation of the same from month to month while occupying the same. From, to wit, the first day of July, 1891, until, to wit, the first day of January, 1892, the defendant paid to the plaintiff and the plaintiff received from the defendant, as rental on said building, the sum of $155 for each and every month thereof; and the reasonable rental value of the said premises for said period of time did not exceed the sum of $125 per month.

"*Sixth:* That on, to wit, the first day of January, 1892, the plaintiff again leased the said premises to this defendant for the period of six months, at the monthly rental of $125 per month.   And on, to wit, the first day of July, 1892, the plaintiff again leased the said premises to this defendant for the period of eighteen months thereafter, at the monthly rental of $100 per month for the first six months and $125 per month for each additional month thereafter to the end of the term.

"*Seventh:* Defendant is now in possession of the said premises with his subtenants under and by virtue of said last named lease, and has paid each and all of the rentals so promised and agreed to be paid by him.

"*Eighth:* That the defendant has not occupied said premises under and by virtue of the pretended lease mentioned in the complaint since the first day of July, 1891, and since that date both plaintiff and defendant have treated said lease as void and of no effect.   And defendant's occupancy of said premises ever since said first day of July, 1891, has been as herein stated and not otherwise, and plaintiff acquiesced therein and consented thereto."

At the conclusion of plaintiff's testimony defendant moved for a non-suit by reason that the evidence showed affirmatively that from July 1, 1891, to January 1, 1892, defendant occupied the premises under a different arrangement from the original lease, and that plaintiff generally had failed to prove his complaint because the ownership of the property had not been proven, and that under the allegations of the answer the lease was void.   Had this motion been made before the cross examination of witness Davis, it is possible that it might have been sustained; but whatever failure of proof there was on the direct examination with reference to the occupancy of the premises from July 1, 1891, to January 1, 1892, was supplied by the appellant Davis on his cross examination; for, in view of the law as pronounced by this court, the appellant by his own testimony plainly shows that he was in possession of the

premises during that period under the lease, and not by virtue of any new arrangement. It is nowhere testified to by him that he demanded the execution of a new lease by respondent and his wife, on the same terms as the old one. His testimony shows that instead of doing this he informed the agents of the respondent that he would not occupy the premises at all unless a new lease embodying different terms was executed, and that he told said agents that until such time as said new lease could be executed (the respondent being a resident of New York), he would continue in possession of the premises and pay a reasonable rental therefor.

Conceding for the purposes of this case that, under the circumstances, the property was community property, and that the tenant had any right to dispute the title of his landlord, he has not brought himself within the law as laid down by this court in *Isaacs v. Holland*, 4 Wash. 54 (29 Pac. 976); *Colcord v. Leddy*, 4 Wash. 791 (31 Pac. 320), and *Hunt v. Stearns*, 5 Wash. 167 (31 Pac. 468). There it was held that before a party could elect to rescind a contract which under the laws should be executed by both husband and wife, but which had actually been executed by but one of the spouses, he must give the contracting party an opportunity to furnish a contract legally executed.

So far as the contention of appellant is concerned, that plaintiff failed to prove ownership, it is without merit, for the proof of ownership was not necessary.

Neither was there any proof whatever tending to show that the arrangement which appellant alleges he had entered into with regard to the occupancy of these premises between July 1, 1891, and January 1, 1892, was ever brought to the attention of, or agreed to by, the respondent. All such arrangements, or agreements for such arrangements, were made with the agents of respondent, who

were simply agents for the collection of the rent and did not claim any other authority, and it is not claimed by appellant in his testimony that they ever held themselves out as claiming any authority to contract for their principal.

On the refusal of the court to grant the non-suit asked by appellant, this question was asked of one of the alleged agents:

" *Q.* When did Mr. Davis first notify you that the lease that he obtained on July 1, 1889, was void, and that he would no longer occupy the property under it, if at all?"

This was objected to by counsel for the plaintiff, for the reason that it was leading, and for the further reason that no allegations in the affirmative defense justified such proof; that the affirmative proof set up in the answer did not constitute a defense in law, and that it did not appear that this witness was an agent of Mr. Tryon for the purpose of receiving any such notice or information. Some other questions were asked by the counsel for the defense which were objected to. Finally the court ruled that the affirmative matter in the answer did not constitute facts sufficient to constitute a defense. Counsel then asked the question under the general issue —

"Mr. Galbraith, at any time while you were collecting rents, did Mr. Davis say anything to you with reference to the validity of the lease under which he had been theretofore paying rent?"

Objected to as irrelevant and immaterial to any issue in the case. Objection was sustained.

We think the objection was properly sustained for the reason that it was irrelevant, and we are also of the opinion that under the construction placed by this court upon the law respecting cases of this kind, in the cases above cited, the answer failed to state any affirmative defense. It alleges that he "notified the plaintiff of the defect in said

lease, and that he would no longer hold or occupy said premises under the same, and that he was ready then and there to surrender to the plaintiff possession of said premises, or to pay him a reasonable rental for the use and occupation of the same from month to month while occupying the same.'' And, as we have before said, under the decisions of this court, he had no right to rescind this contract until he had given the appellant an opportunity to execute a legal lease.

The allegations in section 6 of the answer are entirely irrelevant, and if they were confessed would be no defense to an action for money due for rent before that date. So far as subdivisions 7 and 8 of the answer are concerned, if they are not the statements of legal conclusions but are intended to be the statement of facts, they are in plain conflict with the testimony of Davis himself, who, being a party to the action, should not be allowed to dispute or impeach his own evidence. Hence, in no event could the ruling of the court upon the insufficiency of the affirmative allegations of the answer be prejudicial to the appellant.

Finding no substantial error, the judgment will be affirmed.

STILES, SCOTT, ANDERS and HOYT, JJ., concur.