## HIBERNIA SAVINGS AND LOAN SOCIETY v. RUS-SELL et al.

### S. F. No. 1422; February 15, 1900.

#### 60 Pac. 40.

Judgment—Entry by Consent.—A Judgment Record Reciting that the same was ordered upon the written stipulation of defendants, consenting thereto, is conclusive of its correctness on appeal by defendants, in the absence of any bill of exceptions or other contradiction by the record.

APPEAL from Superior Court, City and County of San Francisco.

Action by Hibernia Savings and Loan Society against Jay E. Russell and Caroline M. Russell for the foreclosure of a mortgage. From a judgment for plaintiff defendants appeal. Affirmed.

J. E. Russell for appellants; Tobin & Tobin for respondent.

PER CURIAM.—Appeal from a judgment for the foreclosure of a mortgage upon real estate. The only point in which it is contended that the judgment is erroneous is the provision therein awarding $350 counsel fees to the plaintiff. The appeal is brought here upon the judgment-roll alone, without any bill of exceptions. It is alleged in the complaint that the appellant executed to the plaintiff a mortgage to secure his promissory note for the sum of $7,135, and that the mortgage provided that in case of foreclosure the amount of five per cent thereon should be allowed the plaintiff as a counsel fee. The judgment decrees that the plaintiff recover $8,703, the amount found to be due upon the promissory note, together with $350 for counsel fees, making in all $9,053, and it is recited therein: "Said judgment is so ordered upon the written stipulation of the defendants, Jay E. Russell and Caroline M. Russell, consenting thereto, and on file herein." In the absence of any bill of exceptions or other contradiction by the record, this recital in the judgment is conclusive of its correctness, and the appellants cannot be permitted to dispute a judgment rendered upon their consent: Spinetti v. Brignardello, 53 Cal. 281; Lyons v. Roach, 84 Cal. 27, 23 Pac. 1026; Sichler v. Look, 93 Cal. 600, 29 Pac. 220. The judgment is affirmed.