[L. A. No. 9871. In Bank.—January 4, 1928.]

CITY OF LOS ANGELES (a Municipal Corporation), Respondent, v. ANDREW GLASSELL et al., Defendants; ANDREW GLASSELL et al., Appellants.

J. E. Hannon, B. R. Berlin and Ernest U. Schroeter for Appellants.

Jess E. Stephens, City Attorney, Donald M. Keith and Leslie K. Floyd, Deputies City Attorney, for Respondent.

PRESTON, J.—This is an action brought by the City of Los Angeles under the Park and Playground Act as amended (Stats. 1909, p. 1066; Stats. 1913, p. 414; Stats. 1921,

p. 349), to condemn forty lots in the Torthorwald Tract No. 1, in said city, for public park purposes. Several separate answers were filed by the various defendants, alleging ownership of the property and claiming compensation for the taking thereof. Referees were appointed by the court to fix the compensation to be allowed defendants. Upon the filing of the report of the referees defendants named above filed exceptions thereto, whereupon the matter was heard before the superior court and the court made findings increasing the compensation nearly fifty per cent over that allowed by the referees.

A motion for a new trial, supported by affidavits, was regularly made and denied. No counter-affidavits were filed putting in issue the matters set forth in the affidavits of the moving parties. An interlocutory judgment of condemnation was entered accordingly but the defendants mentioned, still being dissatisfied with the awards as to them, took this appeal from so much of the judgment as affected their respective interests. ▇ Said defendants attempted also to appeal from the order denying their motion for new trial. Such order in a case of this character is nonappealable (*Heine Piano Co.* v. *Bloomer*, 183 Cal. 398 [191 Pac. 900], and cases there cited) and need not be further considered. But the action of the court in denying motion for new trial may be properly considered on appeal from the judgment.

Upon further consideration of this cause we find ourselves in accord with the conclusion of the learned district court of appeal to the effect that the interlocutory judgment entered herein must be reversed, but we prefer to base our conclusion upon slightly different reasoning.

▇ It requires no citation of authority upon the proposition that eminent domain proceedings are *in invitum*, and the same may be said of proceedings to assess and collect any outlay necessary to the establishment of parks and playgrounds under the act here involved: " . . . and the statutory authority (must) be strictly pursued, and every condition or other prerequisite to the exercise of jurisdiction be observed, especially every requisite of the statute having the semblance of benefit to the landowner. . . . " (20 Corpus Juris, pp. 882, 883.)

■ Appellants question the validity of the proceedings upon several different grounds. The most important one and the only one that need be here considered is the contention that after the assessment district had been formed, the eminent domain action pursuant to ordinance of the mayor and city council instituted, jury trial waived, and after appointment of referees, hearing before them and filing of their report, the city clerk failed to comply with the provisions of section 9 of said act of 1909 as amended in 1913 (Stats. 1913, p. 418), in that he failed to give to those persons not parties to the action, who were property owners in said district, and hence interested in the improvement, notice of the time and place of the hearing before the court upon the report of said referees. So much of the provision in question as is here involved is as follows:

"Notice of the time and place of said hearing must, at least ten days before the time so appointed, be served on all the other parties, except defendants whose default has been entered. The plaintiff, or any defendant who has answered, may file exceptions in writing to said report, specifying the grounds upon which such exceptions are based, at any time within not less than one day prior to the hearing; and any such party so filing exceptions to said report may appear at the hearing of said report and contest the same. In addition to the notice hereinbefore provided the clerk of the court must give notice of the filing of said report, and of the time and place appointed for the hearing of the same, to all persons owning or having an interest in any property included within the assessment district for said improvement described in the ordinance of intention, by causing said notice last mentioned to be published for five days in a daily newspaper published and circulated in the city; or, if there be no such daily newspaper, then by two insertions in a weekly newspaper so published and circulated. Any publication of such notice shall commence at least ten days before the time appointed for the hearing of the report. Said notice shall require all persons owning or having an interest in any property included within said assessment district for said improvement to intervene in said action and file, in the office of the clerk of said court, his exceptions in writing to said report, if any he has, specifying the grounds upon which such ex-

ceptions are based. Said notice shall also contain a description of the said assessment district as set forth in the ordinance of intention. At any time within not less than one day prior to the hearing, any person not a party to the action, owning or having an interest in any property included within said assessment district, may intervene in the action, and file his exceptions in writing to said report, specifying the grounds upon which such exceptions are based; and any such person so intervening may appear and contest the said report, and introduce evidence in support of such exceptions." (Stats. 1913, pp. 418, 419.)

A consideration of the foregoing provision leaves no doubt that the giving of this notice as above provided is necessary to the acquirement of jurisdiction to make and enter a decree fixing the award to the property owners whose lands are to be taken. This is true because the award made by such decree is the basis for the assessment against the property of the district of the necessary taxes to meet and liquidate the expense of the improvement. This statute in reality makes the property owners of the district parties to the eminent domain proceedings.

■ Respondent, however, in answer to this contention, points out that the decree recites: "And it appearing to the court that due and legal notice of the time and place fixed for the hearing of said report had been duly made and given as required by law; . . . " and contends that we must therefore indulge the presumption that his official duty was performed by the clerk (Code Civ. Proc., sec. 1963, subd. 15), which presumption will suffice in lieu of proof that the step required by the statute was really taken. But respondent overlooks the fact that this is a direct and not a collateral attack upon the judgment. The record discloses a motion for a new trial supported by affidavits attacking and putting in issue directly the failure of the record to show proof of jurisdiction in this respect. In the preparation of the record the absence of this proof is made the subject of a specification of the insufficiency of the evidence. No counter showing of any kind was made at any time on this issue. In fact, the bill of exceptions contains this recital: "No proof was made or filed in said cause that said notice had ever been published by the clerk, as required by subdivision IX of the Park and Playground Act, under

which such proceedings were commenced." We must therefore assume it to be a fact that said notice was not published.

Section 30 of said act of 1909 (Stats. 1909, p. 1074), by implication, at least, acknowledges that jurisdiction cannot be obtained without the giving of this notice, for in it we find the following language: "No publication or notice other than that provided in this act shall be necessary to give validity to any proceedings had hereunder." Section 31 of said act provides the manner of proving the publication of said notice and makes applicable thereto section 2010 of the Code of Civil Procedure. It is plain that the presumption that official duty has been performed does not enter into this situation.

It is quite true that "All presumptions not contradicted by or inconsistent with the record are in favor of the correctness of the judgment" (*Lyons* v. *Roach,* 84 Cal. 27, 29 [23 Pac. 1026]), but it is also true that "the main difference between collateral and direct attacks is, that in the former the record alone can be inspected, and is conclusively presumed to be correct; while on direct attack the true facts may be shown, and thus the judgment itself on appeal may be reversed or modified." (*Lyons* v. *Roach, supra,* p. 30.) See, also, to the same effect, *Kahn* v. *Matthai,* 115 Cal. 689 [47 Pac. 698].

Here we have a direct attack and we may appeal to the record, including the bill of exceptions, for the facts. (*Woods* v. *Hyde,* 64 Cal. App. 433, 436 [222 Pac. 168] ; 15 Cal. Jur., sec. 139, p. 46.) Even a motion to vacate the judgment, if seasonably made, is a direct attack. (*In re Dahnke,* 64 Cal. App. 555, 560 [222 Pac. 381] ; *Norton* v. *Atchison etc. Co.,* 97 Cal. 388 [33 Am. St. Rep. 198, 30 Pac. 585, 32 Pac. 452] ; *Estate of Eikerenkotter,* 126 Cal. 54 [58 Pac. 371].)

The cases relied upon by respondent, such as *Hahn* v. *Kelly,* 34 Cal. 391, *Young* v. *Red Fork Levee Dist.,* 124 Ark. 61 [186 S. W. 604] , *Hamilton County* v. *Chase* (Iowa), [152 N. W. 580], and *Dunlap* v. *Board of Commrs.,* 85 Okl. 295 [205 Pac. 1100], are not in point, for, as above stated, in each of these cases the attack was collateral and not direct, and, of course, all intendments in such case are in favor of the validity of the judgment and the recitals therein

will be taken as conclusive. This rule has no saving power whatsoever for the failure to take a jurisdictional step in an action where this issue is directly presented in the case itself.

Finally respondent asserts that personal notice to appellants, their appearance to contest the award of the referees and their introduction of evidence before the court, was a waiver of the necessity for the giving of such notice. If the rights of appellants as persons interested in the property to be taken were alone involved this contention would be unanswerable. But, as above pointed out, the object of this proceeding was not alone to fix the value to appellants of their property taken but also to establish legally the basis of the tax that should be imposed upon the property of the district to defray the expense of the improvement. It is due process of law under the statute that demands opportunity for the property owners of the district, who are to bear the burden, to be heard. In this aspect of the question the appearance of the property owners whose lands are being taken not only does not suffice, but their interests may well be adverse to the interests of the district as a whole. The case of *Harrington* v. *Superior Court*, 194 Cal. 185 [228 Pac. 15], relied upon by respondent, recognizes the distinction between jurisdiction of the subject matter, which cannot be conferred by consent, and jurisdiction of the person, which may be so conferred after jurisdiction of the subject matter has attached. The dual purpose of the award is overlooked by respondent.

Cases involving situations similar to that of the case at bar and with a similar conclusion to the one here announced are *County of Sutter* v. *McGriff*, 130 Cal. 124 [62 Pac. 412] ; *Cook* v. *Manasquan*, 80 N. J. L. 206 [76 Atl. 310] ; *Taylor* v. *Todd*, 48 Mo. App. 550 ; *Crawford* v. *Frio County* (Tex. Civ. App.), 153 S. W. 388; *In re Buffalo*, 78 N. Y. 362; *Mitchell* v. *Illinois etc. Ret. Co.*, 68 Ill. 286; *Detroit, etc.*, v. *Hamptramck Highway Com.*, 34 Mich. 36; *In re Washington Park*, 52 N. Y. 131; *Wayne* v. *Caldwell*, 1 S. D. 483 [36 Am. St. Rep. 750, 47 N. W. 547].

Several other serious questions are urged, but we do not feel called upon to pause to discuss them, as they are so apparent that they are not likely to recur in further proceedings.

The appeal from the order denying motion for a new trial is dismissed and the decree appealed from is reversed.

Curtis, J., Shenk, J., Richards, J., Seawell, J., Waste, C. J., and Langdon, J., concurred.