## MARMADUKE v. CUFF et al.

No. 24882.   May 14, 1935.

Rehearing Denied June 18, 1935.

Reily & Reily, for plaintiff in error.

Goode, Dierke & Goode, for defendants in error.

PHELPS, J.  J. J. Cuff entered into a written contract with O. H. Marmaduke by the terms of which Cuff leased to Marmaduke for a period of five years a store building in the town of Maud, for which Marmaduke agreed to pay a total rental of $12,000, payable $200 on the first day of each month. Marmaduke went into possession and paid the rentals for about two years. He became nine months delinquent and moved out and sent the keys to Cuff by registered mail. Cuff notified Marmaduke in writing that he would not release him from his rental contract and advised him that if he, Cuff, took charge of the building he would do so for Marmaduke's benefit. Cuff then brought suit against Marmaduke for $2,200, the same being eleven months rent due up to the time the suit was filed.

Cuff was joined as plaintiff by Henry McDonald, the petition alleging that Cuff had transferred record title of the property to McDonald but had retained the use, benefit, and income from said property during his lifetime and that McDonald was made a party plaintiff only nominally. Marmaduke filed his answer, admitting the execution of the contract, but alleging that when the lease was executed, Cuff represented to him that he owned the property, but that after he discovered that Cuff did not own the property he ceased paying rent and vacated the premises.

When the case was called for trial, Cuff testified substantially to the allegations of his petition. The lease contract and notice to Marmaduke were introduced in evidence and plaintiff rested. Marmaduke then took the witness stand and testified substantially to the same facts alleged in his answer. The court sustained a demurrer to the evidence of defendant and rendered judgment for plaintiff for the amount sued for, and defendant appeals.

Defendant's sole defense in the trial court was, and the sole ground for reversal here is, his claim that when he discovered that plaintiff no longer held title to the real estate he had the right to breach the contract, vacate the property, and refuse to pay any more rent notwithstanding the fact that the person to whom the property was transferred was joined with the original owner as plaintiff, and there is no dispute between them as to the ownership of the property. It is significant, however, that when defendant vacated the property he was nine months delinquent in his rent; he said in his testimony that he could not pay it, and when plaintiff Cuff took charge of the property and tried to rent it for the account of defendant, $25 per month was the best offer he could get for it. In Ghiradelli v. Greene, 56 Cal. 629, the Supreme Court of California said:

"The title or possession of real estate is not put in issue, in an action to recover rent alleged to be due on a written lease, by an answer denying the plaintiff's title and right of possesion, and alleging the title and right of possession to be in some one else. * * *"

The court further said:

"If the defendants entered under a lease, they could not dispute the title of their landlord. If they did not enter under a lease, he could not recover in this action. because he based his right to recover upon such a lease. * * * If the defendants had set up in their answer an eviction under title paramount to that of the plaintiff, the case might be different. But in the absence of any such plea, the defendants were concluded upon the question of title by entering under a lease from the plaintiff. * * * The defendants' allegation of title in somebody else raised an immaterial issue, and that allegation might have been stricken out or disregarded altogether."

A similar question was under consideration by the Supreme Court of Washington,

in Tryon v. Davis, 35 P. 598. The facts in that case are much like the facts in the case at bar, and in the first and second paragraphs of the syllabus that court used the following language:

"In an action for rent under a lease, an answer alleging that, during his term, defendant found that the lease was invalid because made by plaintiff, a married man, on community property, without joinder of his wife; that he notified plaintiff that, owing to this defect, he would no longer occupy under the lease, and was ready to surrender, or pay a reasonable rental from month to month,—is bad, as failing to allege that, before electing to rescind, he demanded of plaintiff and his wife a new lease on the same terms.

"In an action for rent under a lease, plaintiff, the lessor, need not prove ownership."

Numerous authorities are cited by counsel for plaintiff in error, but in cases where the facts are so different from the facts in the instant case we deem it unnecessary to discuss them here. Doubtless the trial court held to the view that when a man enters into a written contract he must abide by the terms thereof unless he can show some legal reason for violating its terms. We think this a very salutary rule. Under the pleadings filed and the evidence introduced, the trial court was justified in sustaining a demurrer to the evidence offered by defendant, and the judgment of that court is affirmed.

McNEILL, C. J., and WELCH and CORN, JJ., concur. BAYLESS, J., concurs in conclusion.