**SAMUEL HECTOR, Plaintiff**

v.

**HENRY PETERS, Defendant**

Civil No. 16-1938

District Court of the Virgin Islands

Div. of St. Croix at Christiansted

August 4, 1938

**HASTIE,** *Judge*

By writ of review the plaintiff, Samuel Hector, has brought before this court the record of a civil action in Police Court wherein he recovered judgment in the amount of $100.00 and costs for damages alleged to have been suffered through the negligence of the defendant, Henry Peters.

The record shows that the action was tried on June 8, 1938; that the defendant was present at the trial and defended the action on its merits and that, on the same day, decision was rendered in favor of the plaintiff. Also, on June 8, 1938, the plaintiff obtained a writ of attachment which the sheriff executed by seizing certain chattels belonging to the defendant.

On July 14, 1938, the defendant filed a motion to vacate both the attachment and the judgment. This matter was duly heard and the court vacated the attachment, set aside the judgment, and ordered a new trial. It is of this action that the plaintiff now complains.

■ Vacation of the attachment was asked and granted upon the ground that the statutory procedure of attachment after the commencement of an action is expressly limited to actions sounding in contract (Code 1921, Title III, ch. 14, p. 151 [5 V.I.C. § 251 et seq.]) The attachment did not purport to be and was not an execution after judgment. The present action is one of tort. The contention offered by the defendant in opposition to the attachment is sound. No error appears in the action of the court setting aside the attachment.

■ ■ The judgment itself presents different issues. The Code provides that the procedure in the police courts shall be the same as the procedure in the District Court, except in those cases where some different procedure is expressly prescribed (Code 1921, Title III, ch. 82, sec. 1).■ Thus, the statutory requirement that a motion for a new trial be made within three days after the verdict or the decision in question (Code 1921, Title III, ch. 21, sec. 3)■ is applicable to the police courts as well as to the District Court.

■ In acting upon a motion for a new trial filed within the three day period, the police court exercises wide discretion, controllable only in plain cases of abuse. But after the three day period has elapsed, control of the trial court over its judgment is limited. There are no terms of the police court. However, when three days shall have elapsed after judgment, the position of the court with reference

to setting aside its judgment is similar to that which obtains when the term at which the judgment was entered has expired. Only a few extraordinary and fundamental defects which go to the power of the court to enter judgment, or make it grossly unfair that the successful party should benefit by the judgment can be asserted so late.

 In this case, the police court believed that it had been without power to render judgment because the process had been irregular. The summons, as served upon the defendant, gave him less than the statutory time within which to appear and make defense to the complaint. This was the only irregularity. The defendant appeared at the time stated in the summons, went to trial, and testified to the merits of the action without objecting to the process. It is immaterial that he appeared without counsel. His appearance was a voluntary appearance, and serves as a waiver of any such defect in process as appears in this case. The Court had jurisdiction over the party thus subjecting himself to its power, and the judgment rendered was valid against him. Toland v. Sprague, 12 Pet. 300, 9 L. Ed. 1093; Shields v. Thomas, 18 How. 253, 15 L. Ed. 368; Lyons v. Roach, 84 Cal. 27, 23 Pac. 1026; Bennett's Adm'r v. Russell's Erect'r, 39 Mo. 152, 90 Am. Dec. 457.

Since the record shows that the trial court erroneously believed that its judgment was invalid, and since no other ground for the vacating of the judgment is apparent, the order setting aside the judgment must be reversed.