## MARMADUKE v. McDONALD.

No. 27505. Sept. 13, 1938.

Rehearing Denied Oct. 18, 1938

Reily & Reily, for plaintiff in error.

Goode, Dierker & Goode, for defendant in error.

CORN, J. This is an appeal from a judgment rendered in the district court of Pottawatomie county in an action by Henry McDonald to recover the sum of $1,400 rent due under a lease agreement entered into between one J. J. Cuff and O. H. Marmaduke, plaintiff in error herein. The parties will be referred to as they appeared in the trial court.

Cuff leased a store building located at Maud, Okla., to the defendant Marmaduke at an agreed rental of $200 per month. The defendant took possession and paid the rentals for about two years, then became delinquent and moved from the premises

At the trial the parties stipulated the following matters: That J. J. Cuff and the defendant entered into this lease agreement December 19, 1928, for a term of five years. That on December 26, 1928, a warranty deed from Cuff to the plaintiff herein, dated July 11, 1928, was filed for record. That the defendant had possession and paid rentals for over a year. That the plaintiff received the property as a gift from Cuff.

and that Cuff was to retain the rentals during his lifetime. That the defendant vacated the premises without notice, mailing the keys to Cuff. That Cuff gave notice to the defendant that he would not be released from the lease thereby. That J. J. Cuff died May 25, 1933, and at the time of death had a suit pending for rentals, and his administrator had suits pending for rentals after having tried to rent the property. That the rentals claimed in this suit are not paid, and if any are due, they are payable to this plaintiff.

At the close of the testimony the defendant demurred and asked time of the court to brief the matter, which was granted. The court later found the issues in favor of the plaintiff and rendered judgment for $1,400. from which judgment the defendant appeals to this court, submitting two propositions as grounds for reversal.

The defendant's first proposition is that the lease in question expired upon the lessor's death and that no rights thereunder passed to this plaintiff. The defendant asserts that, since it was shown the deed was delivered five days before this lease commenced to run, Cuff had only a life estate which expired upon his death, thereby relieving the defendant of any obligations to the plaintiff under the terms of this lease agreement.

In support of this proposition counsel cites numerous authorities holding that a life tenant without the consent of the remainderman has no power to lease or encumber land beyond the period of his life, and then the lease or encumbrance terminates ipso facto on his death. We agree that is true, but such a contention in this case assumes Cuff had only a life estate in the premises in controversy when he executed the lease to the defendant. Whereas, according to the undisputed evidence, he was possessed of a fee-simple title at the time of executing the lease to the defendant, and it was subsequent thereto that he conveyed the premises to the plaintiff retaining a life estate. The fact that the deed to the plaintiff was dated prior to the execution of the lease is immaterial, since plaintiff's interest vested only upon delivery of the deed, which was subsequent to the execution of said lease.

At the time this defendant took the lease he took what the lessor could and did give him. Then, because the lessor by his own act chose to change his interest in the premises, the defendant will not be allowed to breach his obligation. The defendant could retain possession in the face of the deed to the grantee, since the grantee, plaintiff here, took the deed subject to the outstanding lease against the premises for the term stated, and there is no reason for saying that because the grantor, who was the lessor, chose to retain an interest, this defendant had any right to then breach his agreement and refuse to pay the agreed rentals which he was obligated to pay by said lease contract.

This court has already held that one who enters into the possession of real estate under a written lease for a term of years will not be relieved from the provisions of the lease merely because title to the leased premises has been transferred to another by the lessor. Marmaduke v. McDonald, 175 Okla. 67, 51 P.2d 484.

The fact that Cuff, after executing the lease, transferred the property and retained only a life interest, is no concern of this defendant, so long as he has possession of the premises under the terms of his lease, and so long as there is someone to answer to him for breach of the lease, all of which was true in this case.

The trial court apparently held to the theory that when a person enters into a written contract, he must abide by the terms of the contract unless he can show some legal reason for violating its terms.

The second proposition is to the effect that the plaintiff was not the proper party to bring this action. A part of the stipulation is as follows:

"That no part of the rentals claimed in this suit have been paid, and if any rentals are due under the contract for the period embraced in this suit same are due and payable to Henry McDonald."

And:

"That the plaintiff received the title to said land as a gift, and agreed with the said J. J. Cuff, deceased, that the latter should have the rents and profits and use of said building for his lifetime, and the said J. J. Cuff received the rentals paid by the defendant, and claimed the rentals with the consent of the plaintiff until his death."

We, therefore, hold that Cuff was the owner of the premises when the five-year lease was executed to Marmaduke, and that McDonald took the title thereafter with full knowledge of the five-year lease, and agreed that Cuff should have the rentals during his lifetime; that the death of Cuff did not terminate the lease contract and that the plaintiff, under the agreed statement of facts, can recover for the unpaid balance of the rentals.

Judgment of the trial court affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and GIBSON, HURST, and DAVISON, JJ., concur. WELCH and PHELPS, JJ., dissent. RILEY, J., absent.