124 Cal.App.2d 888 (1954)
269 P.2d 252
COUNTY OF FRESNO, Appellant,
v.
ROBERSON, MARTIN AND COMPANY et al., Respondents.
Docket No. 15.
Court of Appeals of California, Appellate Department, Superior Court, Fresno.
April 8, 1954.
*889 Robert M. Wash and John E. Loomis for Appellant.
Dearing, Jertberg & Avery for Respondents.
CLEMENT, J.[*]
Defendants herein demurred to plaintiff's complaint on the ground that it fails to state facts sufficient to constitute a cause of action. The trial court sustained the demurrer without leave to amend and entered judgment for defendants. Plaintiff appeals.
In the complaint the following facts are alleged:
The 1952 Fresno County grand jury made court approved contract on April 28, 1952, with defendants to examine books, records and accounts as authorized by Penal Code, section 928. The agreed compensation was not to exceed the sum of $10,000 "provided that in case it appeared reasonable *890 and expedient to continue any audit or investigation past the limit of $10,000 the same might be done only on the approval of the Grand Jury and the Superior Court."
Thereafter without court approved agreement for additional compensation defendants rendered their claim for $1,516.07 in excess of the agreed maximum of $10,000. The complaint further alleges that defendants "entered upon an examination and investigation of the equipment needs of certain offices of the County of Fresno  and upon completion thereof rendered their claim and bill in the sum of $749.91 for such investigation and the expenses of travel in connection therewith ...
"That thereafter ... and on the 26th day of January, 1953, Honorable Strother P. Walton, Judge of the Superior Court of the State of California, in and for the County of Fresno issued an order increasing the amount authorized in the said contract aforesaid from the $10,000 limit therein contained to $12,265.98, which said amount of increase included both the additional sum of $1,516.07 as and for an examination of the books, records and accounts herein referred to and the sum of $749.91 for the special examination and investigation of the equipment needs hereinabove referred to ...
"That on the 26th day of January, 1953 (the same day and presumably at the same time and as a part of the same official act) the Honorable Strother P. Walton, Judge of the Superior Court issued his written order directing the auditor of the County of Fresno to pay to said defendants the sum of $5,284.32, which said sum included both the sum of $1,516.07 and the sum of $749.91 hereinabove referred to."
Thereafter pursuant to the written order of the court said sums were paid by the auditor. The judgment prays for the return to the county of $2,269.98 unlawfully paid and $453.19 damages.
Unfortunately the order increasing the amount to be paid and the order directing payment were not set out in the complaint in haec verba, but it is a fair inference from the allegations of the complaint that the order for an increase and the order for payment constituted one official act and in legal contemplation but one order.
Appellant contends that the claims of the defendants, insofar as they exceeded the amount provided for in the original contract of employment as approved by the superior court are illegal and not proper county charges. It further contends *891 that the mere fact that the moneys herein sued for were paid by the treasurer under an order of the court increasing the amount of grand jury contract, and an order directing that payment does not foreclose an action of this kind to recover the same. Appellant also contends that even if the order to pay referred to in the complaint is determined to be a "judicial order" of the court, it may, nevertheless, be attacked in an action of this nature.
Respondents contend that the order of the court was a "judicial order" and that such an order may not be the subject of collateral attack unless the invalidity of the order appears on its face.
The sole point involved in this appeal and to be determined by this court is whether or not the judge of the superior court had jurisdiction to make the order of the 26th of January, 1953 pursuant to section 928 of the Penal Code, which will be considered in detail later in this opinion.
[1] A collateral attack on a judgment is an attempt to impeach a judgment by matters dehors the record in an action other than that in which it was rendered. It is an attempt to avoid the effect of a judgment or order perhaps made in some other proceeding. (Clark v. Deschamps, 109 Cal. App.2d 765 at 769 [241 P.2d 681]; Nielsen v. Emerson, 119 Cal. App. 214 [6 P.2d 281]; Rico v. Nasser Bros. Realty Co., 58 Cal. App.2d 878 [137 P.2d 861].)
[2] A direct attack is one within the proceeding itself, taken within the time and according to the plan provided by law; for example, motions for a new trial, appeal and motions to set aside the judgment in the manner provided by Code of Civil Procedure, section 473. (City of Los Angeles v. Glassell, 203 Cal. 44 at 49 [262 P. 1084]; Macbeth v. Macbeth, 219 Cal. 47 [25 P.2d 11].)
[3] Insofar as judgments which do not show invalidity on their face are concerned, the main difference between the direct and collateral attack is that in the direct attack the true facts may be shown, while in the case of collateral attack we are confined to the inspection of a record conclusively presumed to be correct. (City of Los Angeles v. Glassell, supra.)
Before 1917 a judge of the superior court had no auditing power respecting claims of this character, and could not compel, by direct order, that the auditor draw warrants for payment of the same. (Woody v. Peairs, 35 Cal. App. 553 [170 P. 660]; White v. Mathews, 29 Cal. App. 634 [156 P. 372].)
*892 In 1917 there was, however, added to section 928, as it then stood, the following language: "Any and all expenses incurred under this section, and also the per diem and mileage where allowed by law, of the grand jurors, shall be paid by the Treasurer of the County out of the general fund of said County upon warrants drawn by the County Auditor upon the written order of the Judge of the Superior Court in said County."
[4] When the law expressly confers upon the judge or magistrate the power to order the claims paid, such judge or magistrate is then himself the auditor of the claim, and if the judge has authority to make such order the action of the judge, in the absence of fraud, is conclusive and stands in the same position as any other judicial judgment or order. (Woody v. Peairs, supra; White v. Mathews, supra.)
We are satisfied that the order which is the subject of dispute in this action was in the nature of a judicial order, and that it cannot be attacked in the manner in which plaintiff here seeks to attack it, unless some defect appears on its face which would show some character of invalidity it is, therefore, necessary to carefully examine the language of section 928 to ascertain whether any such invalidity appears.
That portion of section 928 of the Penal Code with which we are here specially concerned reads as follows:
"It shall be the duty of the Grand Jury annually to make a careful and complete examination of the books, records and accounts of all the officers of the county, and of every city board of education within the county, and especially those pertaining to the revenue, and report as to the facts they have found, with such recommendations as they may deem proper and fit; and if, in their judgment, the services of an expert are necessary, they shall have power to employ one, at an agreed compensation, to be first approved by the court; and if, in their judgment, the services of assistants to such expert are required, they shall have power to employ such, at a compensation to be agreed upon and approved by the court.
"It shall be the duty of every grand jury first impaneled in even numbered years to investigate and report upon the needs for increase or decrease in salaries of the county supervisors, the district attorney and the auditor, and it shall cause a copy of such report to be transmitted to each member of the Legislature representing the county in which it has been impaneled before the commencement of the regular *893 session of the Legislature in odd numbered years. It shall also be the duty of every grand jury to investigate and report upon the needs of all county officers in its county, including the abolition or creation of offices and the equipment for, or the method or system of performing the duties of, the several offices, and it shall cause a copy of such report to be transmitted to each member of the board of supervisors in its county." (Emphasis added.)
Section 928 of the Penal Code is cast into five (5) paragraphs and it will be seen that the first paragraph relates solely to the examination of books, records and accounts. It will be further noted that this first paragraph is all in one sentence, and that the portion relating to the employment of an expert is a part of that sentence. By the doctrine of ejusdem generis, the portion providing power to employ an expert indubitably relates back to and receives its identifying generia from the subject with which the sentence is started.
It will be further noted that the thought content of paragraph two relates to the needs of county officers, including their equipment. This paragraph is complete in itself and contains no reference of any kind to the employment of an expert.
An examination of the legislative history of grand juries in California compels a conclusion that the Legislature has regularly followed a practice of defining and delimiting the powers of the grand jury in relation to employment of others. (Allen v. Payne, 1 Cal.2d 607 at 608 [36 P.2d 614]; Woody v. Peairs, supra.)
We have examined the statutes of California carefully, and we have not found anything which we consider authority for the employment by the grand jury of an expert to examine and investigate the equipment needs of county officers.
In Allen v. Payne, 1 Cal.2d 607, 608 [36 P.2d 614] the court in holding that grand juries have no inherent or implied powers to contract services in connection with their investigation held "This conclusion is reinforced by an examination of the legislative history of the grand jury in this state, in the light of established rules of statutory construction. That examination reveals a practice of defining and delimiting its powers in relation to employment, by express statutory grant.... It seems clear ... that the legislature has considered the employment of persons by grand jury a matter to be governed by statute."
[5] A reading of section 928 of the Penal Code as hereinabove *894 set out fails to show any authority whatever for the grand jury to employ experts to examine and investigate "the equipment needs of certain offices of the County of Fresno."
Whatever power the judge had to make the order in the case before us derives from said section 928. The power of the judge to make the order depended on the power of the grand jury to incur the expenses covered by it.
[6] So far as the order authorizing an increase in the amount in excess of $10,000 was for services authorized by section 928 it is not subject to collateral attack, but as to the item of $749.91 for the examination and investigation of the equipment needs of certain offices of the County of Fresno it is void on its face as having been made without jurisdiction for the simple reason that there was no authority in section 928 for the grand jury to contract for these services.
The judgment appealed from is reversed and the cause remanded to the trial court for proceedings in accordance with the views expressed herein.
Shepard, P.J., and Kellas, J., concurred.
NOTES
[*] Assigned by Chairman of Judicial Council.