[Civ. No. 1917. First Appellate District.—February 8, 1917.]

JAMES G. SPITZER, Respondent, v. CITY OF OAKLAND
(a Municipal Corporation), Appellant.

ACTION FOR MONEY HAD AND RECEIVED — MONEY OBTAINED FROM
"BUNCO" SHARP—DELIVERY TO POLICE DEPARTMENT FOR USE AS
EVIDENCE—RECOVERY BY DEPOSITOR—EVIDENCE.—Where money is
obtained from a "bunco" sharp under the pretense of co-operating
with him in betting it on a horse-race, and instead of thus betting
it, the money is turned over to a municipal police department for
use as evidence in case arrests were made, the party delivering the
money, after the purpose of such delivery has passed to the point
of accomplishment, may maintain an action against the corpora-
tion for money had and received, upon showing that he was appar-
ently in the sole and peaceable possession of it at the time of its
delivery.

ID.—DOCTRINE OF ACTION—WHEN INAPPLICABLE.—While the action for
the recovery of money claimed to have been received for the use
and benefit of another is in the nature of an equitable proceeding
wherein the plaintiff must prove that he has a better title to the
money received than the defendant has to it, the application of the
principle does not extend to the case of a defendant who has and
claims no title to the money except that derived from its receipt
from the plaintiff, but who, nevertheless, seeks to retain it upon the
plea that the plaintiff originally came into possession of the money
through some unlawful transaction.

ID.—RIGHT TO INTEREST.—The plaintiff in such an action is entitled,
under section 1917 of the Civil Code, to interest on the amount of
the judgment.

APPEAL from a judgment of the Superior Court of Ala-
meda County. T. W. Harris, Judge.

The facts are stated in the opinion of the court.

Paul C. Morf, City Attorney, G. E. Jackson, Assistant City
Attorney, and John J. Earle, Deputy City Attorney, for
Appellant.

John W. Gwilt, and James P. Montgomery, for Respondent.

RICHARDS, J.—This action was instituted by the plaintiff
to recover from the defendant the sum of one thousand dollars,

alleged to have been received by it for the use and benefit of the plaintiff and to have been unpaid to him upon demand. The answer consists in a denial that the defendant received the said sum or any part thereof for the use of the plaintiff.

Upon the trial of the cause the following facts appeared: The plaintiff, who resided in the east, had come out to California about a year before the episode occurred out of which this action arose, and while here had fallen afoul of some "buncomen," who "buncoed" him out of the sum of about two thousand eight hundred dollars. He went home, but about a year later returned with the resolution and intent of trying to recover his lost money. He presently fell in with another "bunco" sharp, who, under the pretense of co-operating with him in betting on a horse-race, handed him a thousand dollars in bills. Instead of betting on the horse-race the plaintiff went to the police department in Oakland with a view to procuring the arrest of the bunco-men. The officer in charge demanded that he leave the money in the hands of the police department for use as evidence in case arrests were made. The plaintiff testified that he did this, though unwillingly, and that, no arrests having been made, he later returned and demanded the money, which demand the police department refused to accede to, but instead turned the money into the treasury of the city of Oakland, which also through its proper officials has refused to deliver the same or any part thereof to the plaintiff upon his demand. Thereupon this action was brought.

The only defense which was attempted to be urged at the trial was that the plaintiff had not shown sufficient title in himself to the money in question, although it was conceded the defendant made no claim of title to it. The trial court held in the light of the foregoing facts that the plaintiff's possession of the money at the time of its delivery to the police department upon its demand therefor for the single purpose for which it was unwillingly handed over to the officers was a sufficiently superior title to enable the plaintiff to recover the money from the defendant, its depositary, claiming no title thereto.

We think the view taken by the trial court upon this question was correct. It is conceded on both sides that the action for the recovery of money claimed to have been received for the use and benefit of another is in the nature of an equitable

proceeding, wherein the plaintiff must prove that he has a better title to the money received than the defendant has to it; but the adoption of this principle does not lead to its application to the case of a defendant who has and claims no title to the money except that derived from its receipt from the plaintiff, but who nevertheless seeks to retain it upon the plea that the plaintiff originally came into possession of the money through some unlawful transaction. To make such application of the doctrine would be to open the door to every depositary of money having no right to retain the same save that arising out of the fact of the deposit, to put in question the sources from which a depositor himself derived the money. Our attention has not been called to any line of authority which supports such a contention. On the other hand, the following cases uphold the contrary view: *Willson v. Owen,* 30 Mich. 474; *Woodworth* v. *Bennett,* 43 N. Y. 273, [3 Am. Rep. 706]; *McDonald* v. *Lund,* 13 Wash. 412, [43 Pac. 348]. As between the plaintiff and the defendant no equities were either pleaded or asserted which called for the application of the principle; and this being so, the trial court rightly limited the inquiry as to the source of the plaintiff's acquisition of the money in question to the fact as to whether or not the plaintiff was apparently in the sole and peaceable possession of it at the time he, unwillingly and for a single purpose which has passed to the point of accomplishment, delivered it into the keeping of the police department. We think the trial court properly decided that the plaintiff was entitled to recover this money.

We are also of the opinion that under section 1917 of the Civil Code the plaintiff was properly allowed interest in the sum found and adjudged by the court.

Judgment affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 4, 1917.