MADS NIELSEN, an Incompetent Person, etc., Appellant, v. M. L. EMERSON, Individually and as Trustee, etc., Respondent.

W. E. Most, Guardian, *in pro. per.*, for Appellant.

Breed, Burpee & Robinson for Respondent.

THE COURT.—An action against defendant as trustee under the last will and testament of B. Agnes Nielsen, deceased, to recover the sum of $2,359.26, alleged to have been had and received for the use of plaintiff.

The answer alleged that plaintiff was barred and estopped from maintaining the action by reason of two separate judgments entered in previous actions to which he was a party.

The trial court found in accordance with the allegations of the answer, and rendered judgment that plaintiff take nothing. From this judgment he has appealed.

On April 30, 1925, B. Agnes Nielsen, the wife of plaintiff, died, leaving a will in which she named defendant as executor, and by which she bequeathed all her estate, consisting of real property and certain personal property, part of which was money on deposit in the Oakland Bank and the Central Savings Bank of California, to defendant, as trustee upon certain trusts set forth in the will. On August 21, 1925, plaintiff filed an action, numbered 83,206, in the Superior Court of Alameda County, against defendant as executor, and the Central Savings Bank, to recover the amount upon deposit in the name of decedent. At the same time he brought an action, numbered 83,205, in the same court, against defendant as executor, and the Oakland Bank, to recover the sums on deposit in the latter bank, it being alleged in both actions that the deposits were the community property of plaintiff and his deceased wife. The answer filed by defendant as executor to these actions denied that the deposits were community property, and alleged the same to be the separate property of decedent. The total amount of the deposits does not appear, but it was alleged and admitted in action number 83,206 that the amount on deposit in the Central Savings Bank was $9,019.13.

On June 10, 1926, a stipulation, signed by attorneys purporting to represent the parties, was filed, by which it was agreed as a settlement and compromise of the litigation that the sum of $3,300 be transferred from either or both deposits mentioned to the separate account of the executor; that the balance of said amounts be held by the banks to the order and for the use of plaintiff, and that judgment be entered accordingly. On the same date a judgment was entered directing that the deposits be divided in accordance with the stipulation, and that the Central Bank pay therefrom to defendant as executor the sum of $3,300 and the balance to plaintiff.

On December 6, 1927, plaintiff having been adjudged incompetent, W. E. Most was appointed and qualified as the guardian of his estate. On July 5, 1928, plaintiff, by his

guardian, moved the court to set aside the judgment. The motion was denied and the present suit was commenced on August 23, 1928.

■ As stated, this is not an action to set aside the judgment, but for money had and received. Plaintiff contends, however, that the judgment was obtained by fraud, and that the present action being based on equitable principles, the trial court erroneously rejected evidence offered by him to prove the fraud.

■ A judgment, regular on its face, and rendered by a court having jurisdiction cannot be impeached collaterally upon the ground of fraud (*Estate of McNeil*, 155 Cal. 333 [100 Pac. 1086]); and a collateral attack is an attempt to impeach a judgment by matters *dehors* the record in an action other than that in which it was rendered (*People* v. *Norris*, 144 Cal. 422 [77 Pac. 998]). Such is the situation here, and the case is manifestly within the above rules.

Nor is plaintiff aided by the cases on which he relies in support of his contention, namely, *Spitzer* v. *City of Oakland*, 32 Cal. App. 748 [163 Pac. 1044], and *Fontaine* v. *Lacassie*, 36 Cal. App. 175 [171 Pac. 812], as neither of those cases involved a prior adjudication.

■ It is also contended that the judgment-roll in the action shows a lack of jurisdiction because the attorney who instituted the action was not the attorney who signed the stipulation.

There is no merit in this, as the attorney appearing and acting for a party is presumed to have authority, and the validity of his acts cannot be called in question collaterally (*Carpentier* v. *City of Oakland*, 30 Cal. 439; *Garrison* v. *McGowan*, 48 Cal. 592; *Hunter* v. *Bryant*, 98 Cal. 247 [33 Pac. 51]; *Parkside Realty Co.* v. *MacDonald*, 167 Cal. 342, 347 [139 Pac. 805]).

■ The claim is made that the denial of the motion to set aside the judgment did not preclude plaintiff from introducing evidence of fraud in the case at bar, as no evidence was adduced in support of the motion. This may be conceded, as a motion under section 473 of the Code of Civil Procedure to vacate a judgment does not bar an action in equity to set aside the judgment (*Herd* v. *Tuohy*, 133 Cal. 55, 63 [65 Pac. 139]; *Estudillo* v. *Security L. & T. Co.*, 149 Cal. 556, 561 [87 Pac. 19]; *Bacon* v. *Bacon*, 150

Cal. 477 [89 Pac. 317]; *Jeffords* v. *Young,* 98 Cal. App. 400 [277 Pac. 163]), but the objection to the introduction of such evidence here was that the attack was not direct but collateral.

It is next urged that the judgment does not determine the character of the money in question.

That the money sought to be recovered is part of the fund adjudged to be the property of the estate is not denied; and it appears from the judgment-roll in the action that the complaint alleged the same to be community property. This the answer denied, and alleged that the sums involved were the separate property of Mrs. Nielsen. While the judgment contains no recital as to the character of the particular fund apportioned to the executor this is immaterial as by necessary implication the judgment was based on the fact that it was decedent's separate property (*Cunningham* v. *Harris,* 5 Cal. 81; *Thompson* v. *McKay,* 41 Cal. 221).

It is further claimed that the judgment having been entered by consent, it is not effective as a bar or estoppel; but, as held in the following cases, a stipulation or consent judgment as to matters in issue is as conclusive as one rendered upon contest and trial (*McCreery* v. *Fuller,* 63 Cal. 30; *City of Oakland* v. *Oakland Waterfront Co.,* 162 Cal. 675, 686 [124 Pac. 251]; *Moore* v. *Schneider,* 196 Cal. 380 [238 Pac. 81]). Nor may such a judgment be collaterally attacked by a party to it upon the ground that it does not conform to the stipulation. While a judgment is erroneous which fails to conform to a stipulation, and the error may be corrected on appeal (*People's Ditch Co.* v. *Fresno Canal & Irr. Co.,* 152 Cal. 87 [92 Pac. 77], nevertheless it may not be collaterally attacked by a party on this ground (*Semple* v. *Wright,* 32 Cal. 659; *Hobbs* v. *Duff,* 43 Cal. 485).

It is clear that the action mentioned was upon the same claim that plaintiff is seeking to enforce in the case at bar; and it is the rule that a former judgment concludes the parties and their privies in all subsequent actions upon the same demand, not only as to all matters actually decided in the former action, but as to all matters belonging to the subject of controversy and properly within the scope of the issues which might have been decided (15 Cal. Jur., Judg-

ments, sec. 189, p. 136; *Southern Pac. Co. v. Edmunds*, 168 Cal. 415 [143 Pac. 597]). Here the question whether the fund was originally separate or community property was in issue, and was litigated and determined. The facts are similar to those in *Silverston v. Mercantile Trust Co.*, 18 Cal. App. 180 [122 Pac. 976], where it was held that former judgments determining the ownership of the *corpus* of a trust and its validity were conclusive in a subsequent action to partition the trust property.

The second judgment on which defendant relies was entered in an action brought by plaintiff against the defendant as trustee to enforce the trust and compel payment out of the trust fund of a sum monthly for plaintiff's support. It is claimed that plaintiff is estopped by this judgment from maintaining the present action, and the trial court so found; but in view of our conclusion as to the effect of the first-mentioned judgment it will be unnecessary to decide this question.

The testimony offered by plaintiff was, in view of the foregoing, properly rejected, and nothing is disclosed by the record which would warrant the reversal of the judgment.

The judgment is affirmed.

---

[Civ. No. 6918. Second Appellate District, Division One.—December 15, 1931.]