[Civ. No. 11329.   Second Appellate District, Division One.—March 12, 1937.]

JULITTA B. LILES, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Paul J. Fritz for Petitioner.

Everett W. Mattoon, County Counsel, and Douglas De Coster, Chief Deputy County Counsel, for Respondent.

HOUSER, P. J.—The essential facts herein are that on June 21, 1933, Julitta B. Liles sued her then husband for a divorce; that theretofore the parties had entered into a property settlement and agreement, which included a provision that "the husband shall pay to the wife the sum of Twenty Dollars ($20.00) per week for her support and maintenance, for a period of twenty-five (25) weeks hereafter, and that commencing with the 19th day of December, 1933, the husband shall pay to the wife for her support and maintenance the sum of Twenty-five Dollars ($25.00) per week; . . . "; that thereafter in said suit an interlocutory decree of divorce was granted to the wife, by the terms of which "the property settlement entered into between the plaintiff and defendant" was not only approved, but as well, the decree contained the

special provision "that the defendant make the payments to the plaintiff as provided in said property settlement agreement for her separate support and maintenance, particularly the sum of $20.00 per week up to the 19th day of December, 1933, and that commencing with the 19th day of December, 1933, that the defendant pay the sum of $25.00 per week to the plaintiff". Some time after the entry of said judgment, on the alleged failure of the former husband to pay the alimony to the former wife in accord with the provisions made therefor in the said decree, she caused her former husband to be cited as for contempt of court. When the matter came on for hearing, on the ground that the lower court was without jurisdiction therein, the citation was by said court dismissed. Thereupon, at the instance of the former wife, this court issued its alternative writ of mandate to said lower court, by which it was directed to show cause why it should not proceed to hear and determine the questions which were offered in issue by the aforesaid citation in the matter of the said alleged contempt.

On behalf of the respondent, other than some authorities which in their respective facts are clearly distinguishable from those that appear herein, no attempt is made to justify the order by the lower court of its dismissal of the contempt proceeding. Each of the authorities that are thus cited by respondent deals with a situation in which it is disclosed that, although a property settlement had been entered into between the respective parties in a divorce suit and that such settlement had been approved by the lower court as a part of an interlocutory decree of divorce, the decree contained no express order by which the husband was ordered to pay to the wife any sum of money as alimony for her support and maintenance.

In the instant proceeding, as hereinbefore has been set forth, by the terms of the divorce decree not only was the property settlement approved, but as well, the husband was directly ordered to make specific payments to the wife, "for her separate support and maintenance". No reason is suggested, and this court is unable to discern any, why the unexplained failure of the former husband to comply with that order is not punishable as a contempt. It stands in a position not differing in any material respect from any other legal order that might be made by a competent court. The

fact that preceding the date of the order of dismissal here in question, on facts similar to those presented herein, a like order had been made by the lower court on a former citation of the same party, would have no bearing on a question as to whether the lower court was without jurisdiction to hear and determine the instant matter, especially as far as it concerned failures, if any, of the former husband to make payments under the alimony order that accrued after the former citation was dismissed.

It is ordered that the order of the respondent court by which the proceedings in question were dismissed be vacated by the said court; furthermore, that in due course the respondent court proceed to hear and determine on its merits the question presented to said court in said proceeding.

York, J., and Doran, J., concurred.