[Civ. No. 5854. Third Appellate District.—May 26, 1937.]

ELAINE T. SMITH, Petitioner, v. THE SUPERIOR COURT OF YUBA COUNTY et al., Respondents.

Treadwell, Laughlin & Treadwell for Petitioner.

Loyd E. Hewitt and James R. McBride for Respondents.

PULLEN, P. J.—By this writ of mandate petitioner seeks to compel respondents to hear a matter in contempt upon its merits, and to determine the wilfulness of the violation of the order on which said contempt is based.

This matter grows out of an action in divorce pending in the county of Yuba, entitled "*Elaine T. Smith, Plaintiff*, v. *Sidney V. Smith, Jr., Defendant*". The final decree of divorce was entered in said cause on October 24, 1927. In December, 1932, by stipulation, the final decree of divorce in this matter was modified, providing that defendant therein pay to plaintiff the sum of $30 per month for the support and maintenance of their minor child. Thereafter, and on the 7th day of April, 1934, an order was made modifying said final decree by providing that defendant pay to plaintiff, for the support, maintenance and education of said minor, an additional sum of $45 per month.

Thereafter, and in 1936, an affidavit was filed by Elaine T. Smith setting forth that defendant Sidney V. Smith, Jr., had failed to pay certain monthly instalments as provided by the court for the support and maintenance of said minor, and asked that the said Sidney V. Smith, Jr., be punished for contempt of court. Said affidavit set forth that said minor, Elaine Grace Smith, was a beneficiary under a certain trust in the estate of Sidney B. Smith, deceased, pending in the Superior Court in and for the City and County of San Francisco, by the terms of which trust said minor was entitled to a sufficient sum for her support before the said Sidney V. Smith, Jr., was entitled to any sum from said trust.

It is also set forth that the trustees had failed and refused to pay any sum to said minor since the year 1927, and that said child had no means for support other than sums directed by the court to be paid by the father, and from said trust It is further alleged by affiant that by a decree entered on the 24th day of February, 1936, a superior court had adjudged that said minor was a beneficiary of said estate and entitled to a sufficient sum for her support, maintenance and education from said trust. However, the trustees had failed and refused to pay any sum to said minor, and an appeal was taken from said decree, which appeal is still pending and undetermined. That the trustees under said trust and the said Sidney V. Smith, Jr., had contested all proceedings brought on behalf of said minor for the purpose of establishing her rights in the trust and under the will of Cora V. Smith, deceased. One of said actions was decided adversely to said minor, and an appeal was taken to the Su-

preme Court of the State of California, which judgment was reversed, and the cause thereafter tried and decided in favor of the minor; and it had been necessary for affiant, for and upon behalf of said minor, to appeal from the judgment determining the rights of the minor in said trust fund because it failed to fix the amount required for the support, maintenance and education of said child, which appeal is still pending, and affiant has no funds with which to pay the costs of this appeal and of the litigation in which she has been forced to engage to protect the rights of said minor.

Upon behalf of said minor affiant also was compelled, so she alleges, to bring an action in the Superior Court of the State of California in and for the City and County of San Francisco, to establish the right of said minor in the estate of Cora V. Smith, deceased, which action was defended by defendant Sidney V. Smith, Jr., and by the trustees, which action was tried and determined in favor of the minor, and from which judgment said Sidney V. Smith, Jr., and said trustees have appealed, and affiant has no funds with which to defend said appeal, nor to obtain a copy of the record therein, nor to pay the usual expenses incidental to an appeal, nor funds to pay the attorneys employed by affiant to defend the rights of the minor.

Thereafter on the 14th day of July, 1936, upon an order to show cause based upon the foregoing affidavit the court modified the final decree directing defendant to pay to plaintiff, for the care, maintenance, education and support of said minor, the sum of $25 per month in addition to the sum of $75 per month heretofore ordered to be paid, and further ordered defendant to pay to plaintiff not later than August 15, 1936, the sum of $500 for legal expenses in connection with the litigation referred to in the foregoing affidavit.

From this order and judgment an appeal was taken to the District Court of Appeal of the State of California, First Appellate District, which appeal was thereafter transferred to the Supreme Court, and by the Supreme Court transferred to the District Court of Appeal, Third Appellate District, for determination. Thereafter, on the 7th day of December, 1936, the District Court of Appeal for the Third Appellate District made an order dismissing said appeal.

On the 15th day of January, 1937, plaintiff, Elaine T. Smith, filed an affidavit showing that the said $500 had not been paid, and that said defendant had wilfully failed

and refused to pay the same. Thereupon an order to show cause was directed to defendant why he should not be punished for contempt for failure to obey said order, and the matter came on regularly for hearing, at which hearing it was urged that the superior court had no jurisdiction to make the order of July 14, 1936, and the said order was beyond the jurisdiction of the court. Thereupon the superior court sustained said objections and held that the order was beyond the jurisdiction of the court, and refused to enforce the order or to punish the defendant for disobedience thereof, and refused to direct execution to be issued thereon.

It is the contention of respondent in regard to the foregoing that the court did not hold that the order of July 14, 1936, was beyond the jurisdiction of the court, but alleged that the court did hear the matter and found that defendant was not guilty of contempt and dismissed said proceeding. With this contention we do not agree. From the memorandum opinion of Judge Tuttle, presiding at said hearing, appears the following:

" . . . The evidence shows that said $500.00 was an indebtedness incurred in certain litigation and consisted of costs and counsel fees. Said litigation arose out of an interest of the minor in trust estates left by her grandparents. The amount named was expended in the protection of the interest of the minor in said trusts, and to establish her rights in respect of said minor, is now, and for some time past has been the duly appointed and qualified guardian of the estate of said minor.

"It is contended by defendant that the court had no jurisdiction to order the payment of this sum. Any authority which the court may have in the premises must be derived from Sec. 138 of the Civil Code. Under this section the court was authorized to make an order for the 'custody, care, education, maintenance and support' of the minor child. It is the opinion of the court that the payment in question does not come within the purview of this section. Such indebtedness might be incurred by plaintiff as guardian of the estate of the minor, and the creditor must look to said estate for payment of the claim, and the court had no jurisdiction to order the defendant to pay it. Independent actions, brought to adjudicate the property rights of the minor, do not pertain to the care, education, maintenance and sup-

port of such minor as those words are used in the Civil Code . . . It is ordered that the pending contempt proceedings be dismissed.''

It is evident from the foregoing that the trial court did not hear and determine the contempt proceedings, but expressly refused to hear the same upon the ground that such order was not warranted under the provisions of sections 137 and 138 of the Civil Code. Mandate, therefore, is the proper remedy to review this action.

From the order of July 14, 1936, wherein the defendant was ordered to pay to plaintiff the sum of $500 for legal expenses in connection with certain litigation, an appeal was taken to this court. No steps having been taken to effect this appeal, the same was, upon motion of respondent, dismissed.

Section 955 of the Code of Civil Procedure provides:

''The dismissal of an appeal is in effect an affirmance of the judgment or order appealed from unless the dismissal is expressly made without prejudice to another appeal.''

The order of dismissal being final, constitutes a bar to any retrial of the issues there presented, and the legality of the order of the court directing Sidney V. Smith, Jr., to pay $500 for legal expenses is now, for the purpose of this proceeding at least, fully established. In view of this contention we do not deem it necessary to determine whether or not expenses to prosecute and maintain an action to protect the interests of a minor child should come under the term ''support and maintenance'' as used in section 138 of the Civil Code.

Let the writ therefore issue as prayed for.

Thompson, J., and Plummer, J., concurred.