BERTIE GOSNELL, Respondent, v. ARTHUR C. WEBB, as Executor, etc., Appellant.

B. Russell Priess for Appellant.

Rupert B. Turnbull for Respondent.

BISHOP, J. pro tem.—The appeal before us is from the following order: "Motion by defendant for reduction of alimony awarded in Interlocutory Decree of Divorce, heretofore submitted June 22, 1942, the Court now finds that the Interlocutory Decree of Divorce granted by this Court June 17, 1940, was made by the Court after stipulation of parties as to various issues involved, made in open court and prior to completion of the taking of testimony at the trial; that said interlocutory decree did in truth and in fact reflect a compromise of all of the marital and property rights of the parties and embodied therein the ultimate result of what amounted to a property settlement agreement between the parties; that because thereof this court is without jurisdiction to modify or alter this decree, and it is therefor[e] ordered that the motion by defendant to modify the interlocutory decree of divorce with respect to award of alimony and for reduction thereof, now be and hereby is denied." We are of the opinion that the trial court had jurisdiction to modify the interlocutory decree, (adopted by reference in the Final Judgment of Divorce) and that it erred in declining to consider defendant's motion on its merits.

We are interested in the following excerpts from the introductory recitals found in the interlocutory decree itself and in paragraph 2 of the decree: "Thereupon it was stipulated

that the plaintiff might amend her prayer for relief to ask for other and additional relief, to wit,—divorce.

"It was further stipulated that the matters of permanent alimony for plaintiff, attorneys' fees and costs should be submitted to the Court without further testimony or other proceedings.

"Thereupon the Court said: 'Let the records show nevertheless that it has been submitted before the trial has been fully completed. Both sides still have other testimony that could have been produced. They are waiving that for the purpose of compromise,' to which all the counsel, in the presence of their respective clients assented; whereupon the Court took the cause under submission, and the Court having duly considered the law and the evidence and being dully [sic] advised in the premises, and findings of fact and conclusions of law having been expressly waived by both parties; and

"It being further stipulated and agreed by the respective counsel, in the presence of the plaintiff and defendant, in open court, that the court enter its judgment awarding to the plaintiff herein such sum or sums as alimony to be paid to the plaintiff by the defendant as may be determined by the court.

". . . NOW, THEREFORE . . . 2. It is further ordered, adjudged and decreed that the defendant be, and he is hereby directed to pay to the plaintiff as alimony, the sum of Two Hundred ($200.00) Dollars per month, commencing June 10, 1940, and continuing thereafter until the death or remarriage of the plaintiff."

No possible construction consonant with reason can be placed upon this decree other than that its provision directing that the defendant pay $200 per month to the plaintiff is a provision for alimony; it is not a term of a property settlement given judicial approval. Unless it be permissible to prove that the decree has a meaning different from that appearing on its face, the decree must be given the effect of one providing for alimony, and hence one within the jurisdiction of the court to modify. (Civil Code, sec. 139; *Ross* v. *Ross*, (1934) 1 Cal.2d 368, 369 [35 P.2d 316]; *Leupe* v. *Leupe*, (1942) 21 Cal.2d 145, 150 [130 P.2d 697].)

The plaintiff contended, in her attempt to show cause why the provision respecting alimony should not be modified:

"I

"That the order for payment of $200.00 per month for ali-

mony now sought to be modified by the defendant Ira Gosnell, was an order made by the trial court only after the parties plaintiff and defendant and their respective counsel, had in open court stipulated that they desired to compromise the question involved with respect to property, property rights and alimony, and that the said judgment of the trial court, which is now a final judgment, expressly provided that the said judgment with respect to alimony was made in effect, as a compromise, and that the said Bertie M. Gosnell had additional proof with respect to the property and property rights of defendant, which she could have produced at said trial, and which evidence was not produced because of the compromise and promise of the defendant and the agreement on the part of the defendant that the property rights of the parties could be forever fixed, and that the same were fixed by said decree, and by the order for payment of $200.00 per month alimony.

"II

"That the said judgment and decree was made as a result of all property settlement had by stipulation, and this court has no jurisdiction and should not vacate and set aside the said judgment." ▮ Even were it true that the parties had agreed upon the amount to be allowed as alimony, so long as it was provided for in the decree as alimony and not as an approval of a contractual settlement, the decree would remain subject to modification. (*Ross* v. *Ross, supra,* 1 Cal.2d 368, and cases cited, p. 369.) ▮ But, we have already seen, the decree recites that the matter of permanent alimony was "submitted to the court" which was to enter judgment awarding such sums as alimony "as may be determined by the court." These recitals are inconsistent with any claim that the agreement of the parties settled the amount of alimony beyond the court's jurisdiction to modify it. It is not permitted, in this proceeding for an order of modification, collaterally to attack the decree by evidence that it is not what it appears to be, or that it is not in accordance with the agreement of the parties. (*Nielsen* v. *Emerson,* (1931) 119 Cal.App. 214, 218 [6 P.2d 281], and cases cited.)

It may be that what the plaintiff was striving to show was that the defendant was estopped to move for a modification of the decree. Whether or not the showing made was sufficient to warrant a denial of the motion we need not consider, for that was not the basis upon which the court acted.

■ While usually an order will be affirmed if any ground exists which supports it, irrespective of the reason advanced by the trial court (*Bealmear* v. *Southern Cal. Edison Co.,* (1943) 22 Cal.2d 337 [139 P.2d 20]), this is not so where it appears that the trial court has declined to pass upon the merits of a motion. (*Liles* v. *Superior Court,* (1937) 19 Cal.App.2d 506, 507 [65 P.2d 920]; *Smith* v. *Superior Court,* (1937) 21 Cal.App.2d 160, 163 [69 P.2d 176]; and see *People* v. *Jones,* (1927) 87 Cal.App. 482, 496 [262 P. 361]; *Laumann* v. *Conner,* (1936) 12 Cal.App.2d 631 [55 P.2d 1225]; and *People* v. *McEntyre,* (1938) 32 Cal.App.2d Supp. 752, 761 [84 P.2d 560].) ■ To hold that because the trial court denied defendant's motion he therefore considered it on its merits, because his proper course on the theory that he had no jurisdiction to grant it would have been to take no action whatever, would be to let the form control the substance. We do not interpret *Lincoln* v. *Superior Court,* (1943) 22 Cal.2d 304 [139 P.2d 13] as requiring such an unfortunate result. The defendant may not have merited having the alimony order modified, but he did have the right to have his motion weighed to see if it did have merit, and the trial court plainly, and erroneously, never came to that question, because it first of all decided that the interlocutory decree was not what it appeared to be, but was something else.

The order denying defendant's motion is reversed.

Shinn, Acting P. J., and Wood (Parker), J., concurred.

■■■

[Civ. No. 14037. Second Dist., Div. Three. July 27, 1943.]