[Civ. No. 14610. Second Dist., Div. Two. Oct. 25, 1944.]

BERTIE GOSNELL, Appellant, v. ARTHUR C. WEBB, as Executor, etc., Respondent.

Rupert B. Turnbull for Appellant.

Arthur C. Webb, in pro. per., and William T. Selby for Respondent.

WOOD (W. J.), J.—Plaintiff filed a creditor's claim against the estate of Ira Gosnell, deceased, which was rejected by the executor of the will. Thereupon she filed the present action to obtain judgment for a sum claimed to be due as alimony at the rate of $200 per month, which she alleged had accrued after the death of Gosnell. After filing an answer defendant filed a motion for a summary judgment, accompanied by an affidavit setting forth the facts hereinafter related. No counteraffidavit was filed by plaintiff. The court granted defendant's motion and plaintiff has appealed from the judgment thereupon entered.

Ira Gosnell died on July 28, 1942. Plaintiff, who had been his wife, filed an action for divorce which resulted in the entry of an interlocutory decree in her favor on June 17, 1940. The decree contained an order directing Gosnell "to pay to the plaintiff as alimony the sum of $200 per month, commencing June 10, 1940, and continuing thereafter until the death or remarriage of the plaintiff." Gosnell caused an order to be issued on June 22, 1942, directing the plaintiff in the divorce action, plaintiff herein, to show cause why the interlocutory decree should not be modified and payments reduced because of changed conditions and of his inability to make the payments which were required by the terms of the decree.

The order to show cause came on regularly for hearing before the same judge who had granted the interlocutory decree. In answer to the order to show cause plaintiff appeared and took the position that the monthly payments which had been termed alimony in the decree had been agreed upon as part of a property settlement agreement and that the court was without jurisdiction to reduce the monthly payments. The court sustained the contention of plaintiff and made a minute order as follows: ''Motion by defendant for reduction of alimony awarded in Interlocutory Decree of Divorce, heretofore submitted June 22, 1942, the Court now finds that the Interlocutory Decree of Divorce granted by this Court June 17, 1940, was made by the Court after stipulation of parties as to various issues involved, made in open court and prior to completion of the taking of testimony at the trial; that said interlocutory decree did in truth and in fact reflect a compromise of all of the marital and property rights of the parties and embodied therein the ultimate result of what amounted to a property settlement agreement between the parties; that because thereof this court is without jurisdiction to modify or alter this decree, and it is therefore ordered that the motion by defendant to modify the interlocutory decree of divorce with respect to award of alimony and for reduction thereof, now be and hereby is denied.'' The minute order was entered prior to the death of Gosnell. The executor of Gosnell's will was substituted as a party and an appeal was prosecuted, resulting in a reversal of the order. (*Gosnell* v. *Webb*, 60 Cal.App.2d 1 [139 P. 985].)

In reversing the order the reviewing court held that the trial court had jurisdiction to modify the interlocutory decree and that it erred in declining to consider defendant's motion on its merits. In its opinion the court stated: ''No possible construction consonant with reason can be placed upon this decree other than that its provision directing that the defendant pay $200 per month to the plaintiff is a provision for alimony; it is not a term of a property settlement given judicial approval. Unless it be permissible to prove that the decree has a meaning different from that appearing on its face, the decree must be given the effect of one providing for alimony, and hence one within the jurisdiction of the court to modify.''

We are satisfied that, from the pleadings and the

affidavit presented by defendant, no facts were shown to the court which were ''sufficient to present a triable issue of fact,'' and that the court did not err in granting the motion for a summary judgment. (Code Civ. Proc., § 437c.) The only issue before the court involved the question whether the award in the interlocutory decree of $200 per month was part of a property settlement contract or was an order for the payment of alimony. ▬ If it was an order for the payment of alimony plaintiff cannot recover in the present action since such an order does not remain effective after the death of the party directed to pay. (*Miller* v. *Superior Court,* 9 Cal.2d 733 [72 P.2d 868].) ▬ On the appeal from the order of the court refusing to entertain Gosnell's motion for a reduction in the amount of the alimony payments the reviewing court held in clear and positive language that the order contained in the interlocutory decree was an order for the payment of alimony and was therefore subject to reduction in amount if the circumstances justified a reduction. In making this ruling the court clearly decided the question involved in this action adversely to the contention now made by plaintiff.

▬ The parties who were before the court when the appeal was considered are the same parties who are before the court in the present action and they are bound by the previous ruling which disposed of the issues now presented. A matter which has been adjudicated by a court of competent jurisdiction must be deemed to have been finally and conclusively settled if it arises in any subsequent litigation between the same parties. The defense of res judicata, which is presented in the answer and in the affidavit of defendant, must be sustained.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.