[Civ. No. 22956.   First Dist., Div. Three.   Feb. 21, 1967.]

ERNEST AUGUST FIGONE, JR., Plaintiff and Appellant, v. STEESA RADIANCE D. STATTER et al., Defendants and Respondents.

Freitas, Allen, McCarthy & Bettini and Lloyd Tunik for Plaintiff and Appellant.

Bishop, Murray & Barry, G. William Filley, Pelton & Gunther and M. K. Taylor for Defendants and Respondents.

SALSMAN, J.—Appellant Ernest A. Figone, Jr., appeals from a judgment upon a jury verdict in favor of respondents Steesa Radiance D. Statter and Victor E. Fasano.

Appellant's action grew out of two separate automobile accidents, the first involving respondent Statter, and the second involving respondent Fasano. Appellant claimed he sustained personal injuries in each accident and demanded damages from each of the respondents. A brief reference to the facts of each accident is appropriate.

### The Statter Accident

This accident occurred on February 28, 1962, at the junction of the James Lick and Central freeways in San Fran-

cisco. Both appellant and respondent were southbound. Traffic was heavy, and cars were stopped in appellant's lane. Appellant, too, came to a stop. He looked in his rear view mirror and observed respondent Statter just before her vehicle struck him from behind. Respondent Statter told a highway patrol officer that traffic in front of her slowed, and that she was preparing to change lanes when traffic suddenly stopped and she struck appellant's car.

### The Fasano Accident

This accident took place on August 3, 1962, at about 7:30 a.m. on U.S. Highway 101, between the south exit of the Waldo Tunnel and the north end of the Golden Gate Bridge. Traffic was heavy, the morning foggy and drizzly. In places sand and debris were on the highway from construction work, and the surface of the roadway was wet from the first rain of the season. Appellant stopped twice with the traffic after clearing the tunnel. The second stop was more abrupt than usual, but the car following appellant was also able to stop, without incident. Respondent Fasano, following the car immediately behind appellant, struck that car and drove it into appellant's, and Fasano's car in turn was rear-ended by the car following it.

After each accident, appellant consulted a doctor, complaining of pain in his back, chest, neck, groin and right leg. After the second accident he was treated by an orthopedist, who described appellant's injuries as a contusion and sprain of the lower back, and stated that these injuries were sustained by appellant in the accidents described. Appellant testified that his injuries limited his activities, especially those relating to recreation, but that he lost no time from his job.

After hearing all of the evidence the jury returned a general verdict in favor of both respondents.

Appellant urges three grounds for reversal of the judgment. He asserts that the trial court erroneously admitted evidence of a prior accident in which appellant was involved which prejudiced the jury against him; that there is no substantial evidence to support the judgment, and finally that the trial court erred in denying his motion for a new trial. We have examined each of these points in light of the record and applicable law and find that none compels reversal of the judgment. We therefore affirm.

In the course of the trial some evidence came into the record of an accident in which appellant was involved on

January 1, 1962, near Sacramento, about two months before the Statter accident. In that accident, too, appellant's car was rear-ended by another vehicle, but our record does not establish that he sustained any injury at that time, or made any claim for damages against the driver of the car that struck him. Evidence of the January 1st accident first came before the jury during cross-examination of appellant's doctor, who stated, in effect, that he had asked appellant for a history of accidents and injuries, but had not been told by appellant about the accident of January 1st. There was no objection to this evidence. Later, however, appellant's wife was asked during cross-examination if she knew of the January 1st accident, and, over proper objection, was permitted to say that she did, because she was there, apparently as a passenger in appellant's car. No further inquiry was made.

Appellant correctly contends that evidence of a prior accident may not be introduced to show negligence on a later occasion. (See *Brown* v. *Affonso*, 185 Cal.App.2d 235, 238 [8 Cal.Rptr. 156].) It has been said that such evidence has no place in a trial involving a later and unrelated accident because it is likely to create undue prejudice and confuse the issue in the case being tried. But appellant has not been harmed here. As we have seen, the jury first learned of the prior accident without objection from appellant. Also, the trial judge has some discretion in ruling upon questions of admissibility. (See *Leighton* v. *Dodge*, 236 Cal.App.2d 54, 60 [45 Cal.Rptr. 820].) The January 1st accident was similar in its facts to the two accidents in litigation, and had occurred only two months before the Statter accident. In overruling appellant's objection the court commented to the effect that respondents were attempting to link the nonlitigated accident to appellant's injuries, while appellant was seeking to show that his injuries arose only out of the two accidents in issue. At any rate, the court did not abuse its discretion in permitting a brief reference to the prior accident. Moreover, inquiry of appellant's doctor concerning his knowledge of the January 1st accident was entirely proper because his opinions and testimony concerning the origin of appellant's injuries were, in part at least, based upon appellant's medical history, and although the doctor had asked about ''accidents and injuries'' appellant had not told him of the January 1st incident. Respondents were entitled to make a reasonable inquiry in good faith to see if appellant's medical history, as he related it to the doctor, was inaccurate or incomplete.

Appellant next argues there is no substantial evidence to support the verdict. We cannot accept this contention. The first issue presented to the jury was whether the evidence disclosed negligent conduct on the part of respondents, or either of them, which proximately contributed to the happening of either accident. As to respondent Statter there was evidence that the junction of the two freeways was a hazardous area, and that she was keeping a proper lookout and was giving a hand signal of her intention in the movement of her vehicle when traffic in front of her came to a sudden halt. Whether this evidence disclosed negligence on her part was purely a fact issue, and the jury may reasonably have concluded that, as to her, no negligent conduct was shown. (See *Gray* v. *Brinkerhoff*, 41 Cal.2d 180 [258 P.2d 834] ; *Beck* v. *Kessler*, 235 Cal.App.2d 331, 336 [45 Cal.Rptr. 237] and cases cited.) Much the same comment may be made concerning the Fasano accident. The condition of the roadway, visibility, weather, and the sudden halt of traffic were all factors to be weighed by the jury in determining liability. The issue presented was resolved by the jury in discharge of its traditional function of weighing the evidence and finding the facts, and when, as here, substantial evidence supports their finding we may not interfere. (*Gray* v. *Brinkerhoff, supra,* 41 Cal.2d 180, 183, and citations.)

There is a further ground upon which the jury's verdict may be supported. The verdict was a general one—no specific or special findings were asked or rendered. Even if the jury had concluded that respondents were negligent and liable, they could have found that appellant suffered no injury. It is true his doctor testified that he did suffer injury. But there was little if any objective evidence of injury, and it was established beyond dispute that appellant lost no time from his job because of his alleged injuries. In some respects, appellant's testimony of injury and disability was contradicted by other testimony, so that on the whole case, the jury might well have concluded that appellant suffered no compensable injury in either accident.

Finally appellant argues that the trial judge abused his discretion in denying the motion for a new trial. At the hearing on the motion the judge seemed to be of the view that liability had been established and that the jury should have awarded appellant something in the way of damages for each accident. Nominal damages and the power of the court to

grant additur were discussed. The judge asked for briefs from the parties and after consideration of the briefs denied appellant's motion for a new trial. In denying the motion for a new trial, the judge submitted a memorandum in which he said in effect that appellant had not been ''substantially damaged'' in either accident, and that a new trial should not be granted ''. . . for the sole and limited purpose of entering a judgment for nominal damages.''

Appellant contends the trial judge was convinced from the evidence that respondents were negligent and appellant was not; that appellant had been damaged but that because his damages were ''nominal'' a new trial should not be granted; that there is no such thing as ''nominal'' damages in a tort case (see *Fields* v. *Napa Milling Co.*, 164 Cal.App.2d 442, 447-448 [330 P.2d 459, 68 A.L.R.2d 1052]), and hence the court has denied appellant a fundamental right, namely the right to have his damages assessed by a jury.

It is long settled that the trial judge must grant a new trial if, from his review of the evidence, he is convinced that the verdict of the jury is against the weight of the evidence. (Code Civ. Proc., § 657, subd. 6; *Dickey* v. *Davis*, 39 Cal. 565, 569; *Tice* v. *Kaiser Co.*, 102 Cal.App.2d 44, 46 [226 P.2d 624].) The question here is essentially whether the trial judge actually believed that the jury's verdict was against the weight of the evidence. Our review of the record leads us to believe that he did not feel that the jury's verdict was wrong, or contrary to the evidence. It is true that, in one part of his memorandum he said that in a court trial he would have awarded appellant ''a few hundred dollars damages against each defendant.'' But elsewhere in his memorandum he said that appellant had not been ''substantially damaged'' in either accident and repeatedly described appellant's damages as ''nominal'' only. We interpret his memorandum to say that, in his view, appellant had suffered damages in a very small amount, and that if trial had been before the court without a jury he would have awarded small damages, but that it was not unreasonable for the jury, in light of all of the evidence, to refuse to award any damages at all—in other words, that the verdict was not against the weight of the evidence.

Finally, nothing said by the judge in his memorandum can in any way restrict his power to declare his final decision in the form of a judicial order. (*Scholle* v. *Finnell*, 173 Cal. 372, 376 [159 P. 1179].) It cannot be used to impeach

the order actually made (*City of Daly City* v. *Smith*, 110 Cal.App.2d 524, 529 [243 P.2d 46] and cases cited) and if there is any conflict between the memorandum decision and the order, it is the order that must control. We are convinced that here the trial judge did carefully weigh the evidence upon the hearing of the motion for a new trial. Thereafter, despite the observations made in his memorandum decision, he unequivocally denied the motion. Thus his final conclusion was that, despite his earlier doubt, the jury's verdict was not contrary to the weight of the evidence. The record will not support an assertion that, in denying the motion, he abused his discretion.

The judgment is affirmed. The purported appeal from the order denying motion for new trial is dismissed.

Draper, P. J., and Brown (H.C.), J., concurred.