[Civ. No. 25606.   First Dist., Div. Four.   June 13, 1969.]

FLORENCE LIPPOLD et al., Plaintiffs and Appellants, v. FRANK GERALD HART et al., Defendants and Respondents.

Watson, Tedesco, Sanguinetti & Alphonse and Vincent N. Tedesco for Plaintiffs and Appellants.

Owen, Melbye & Rohlff and Cyril Viadro for Defendants and Respondents.

CHRISTIAN J.—Appellants brought this action to recover for personal injuries and property damage suffered in an automobile collision with respondent Frank Hart. After a jury trial had resulted in a defense verdict, appellants' motion for new trial was denied. Appellants contend that the trial judge improperly denied this motion; we agree, and therefore reverse the judgment.

The accident occurred on February 7, 1966; appellant Florence Lippold, while driving appellants' automobile, was forced by traffic preceding her to come to a sharp halt on a 4-lane highway. Respondent Frank Hart was driving respondents' automobile directly behind Mrs. Lippold. When she stopped abruptly, he was unable to avoid striking the rear end of her vehicle. Appellants' automobile was·damaged and Mrs. Lippold claimed personal injuries.

■ At the hearing on appellants' motion for a new trial, the judge indicated he felt the verdict was unfair, saying ''That lady was definitely entitled to recover something. . . .'' He stated that he did not believe some of Mr. Hart's testimony and that the smoothness of that testimony and the ingenuity and persuasiveness of counsel for respondents had led the jury to disbelieve Mrs. Lippold. Although stating that ''an unjust result has occurred,'' the trial judge denied a motion for a new trial because ''the jury heard the story. So I've got to abide by it because it was a unanimous verdict.''

Appellants correctly contend that these statements of the trial judge show that he misconceived his function at the hearing on the new trial motion. The comments suggest that the judge thought himself bound to uphold the jury verdict because the evidence was conflicting. ■ But a judge is not bound by a conflict in evidence when he is ruling on a motion for a new trial; rather, he must reweigh the evidence, the inferences therefrom, and the credibility of the witnesses in determining whether the jury ''clearly should have reached a different verdict'' (Code Civ. Proc., § 657; *Alhambra Consol. Mines, Inc.* v. *Alhambra Shumway Mines, Inc.* (1966) 239 Cal.App.2d 590, 597 [49 Cal.Rptr. 38]; *Scannell* v. *Schmitt*

(1954) 128 Cal.App.2d 19, 21-22 [274 P.2d 455]; 3 Witkin, Cal. Procedure (1954) Attack on Judgment in Trial Court, § 15, and cases cited therein).

■ Respondents contend that this court may only review the final order of the trial judge and, as there was substantial evidence to support the verdict, that we must affirm the judgment; in support of this contention respondents cite many cases in which it has been stated that the reasons given by a trial judge for his decision on a motion for new trial may not be relied upon by an appellate court to reverse the judgment below (see *Yarrow* v. *State of California* (1960) 53 Cal.2d 427 [2 Cal.Rptr. 137, 348 P.2d 687]; *Figone* v. *Statter* (1967) 248 Cal.App.2d 699 [56 Cal.Rptr. 762]).

However, where the comments of the trial judge indicate that he misconceived his duty at the hearing on the motion for new trial, an appellate court will not blindly affirm the judgment below because there is some evidence to support it (*People* v. *Robarge* (1953) 41 Cal.2d 628 [262 P.2d 14]; cf. *Ehrenreich* v. *Shelton* (1963) 213 Cal.App.2d 376 [28 Cal. Rptr. 855]; *Smith* v. *Fetterhoff* (1956) 140 Cal.App.2d 471 [295 P.2d 474]; *Gosnell* v. *Webb* (1943) 60 Cal.App.2d 1 [139 P.2d 985]). Such an approach "would let the form control the substance" (*Gosnell* v. *Webb, supra,* at p. 5). In *People* v. *Robarge, supra,* the trial judge denied a motion for a new trial on the basis of testimony—apparently accepted by the jury—which the judge disbelieved; in vacating the judgment and the order denying the motion for new trial, the Supreme Court stated that "the trial court failed to give defendant the benefit of its independent conclusion as to the sufficiency of credible evidence to support the verdict" (41 Cal.2d at pp. 633-634). That language is equally applicable to the present case. ■ The trial judge's comments indicate that, although he made an independent evaluation of the evidence, he failed to base his decision on the motion for a new trial upon that evaluation. That was error.

■ A question remains, concerning the form of relief to be ordered. We have considered a remand to the trial court with directions to rehear the motion for new trial. Something similar was done in *People* v. *Robarge, supra,* 41 Cal.2d 628. But more recently, in *Mercer* v. *Perez* (1968) 68 Cal.2d 104, 122 [65 Cal.Rptr. 315, 436 P.2d 315], the Supreme Court declined to adopt a comparable procedure where the trial judge had neglected to specify his reasons for granting a new trial as required by Code of Civil Procedure section 657. The

court held that it had no power to revive the trial court's jurisdiction to specify reasons, which had lapsed on the expiration of the period allowed by the statute. Here the trial court's power to grant a new trial expired no later than 60 days after filing notice of intention to move for a new trial (Code Civ. Proc., § 660). Here, as in *Mercer,* the trial court's jurisdiction to act in the matter under review had expired. (*Hinrichs* v. *Maloney* (1959) 169 Cal.App.2d 544 [337 P.2d 471].) It would be inappropriate for us to attempt to revive that jurisdiction by vacating the judgment and the order denying new trial.

The judgment is reversed.

Devine, P. J., and Rattigan, J., concurred.

A petition for a rehearing was denied July 8, 1969, and respondents' petition for a hearing by the Supreme Court was denied August 6, 1969.