JEFFERSON (Bernard), J.
I dissent.
I cannot agree with the majority’s view that a dismissal of an action made by the trial court on the basis of Code of Civil Procedure section 583, subdivision (a) and also subdivision (b), should be upheld on an entirely different theory, to wit, that the dismissal is appropriate based upon the trial court’s inherent power to dismiss an action for the failure of the plaintiff to diligently prosecute such action and bring it to trial. I recognize that there exists the appellate principle that if a judgment or order of the trial court is decided correctly, it should be affirmed on appeal regardless of the invalidity of the grounds or reasons upon which the trial court reached its decision. But this doctrine is not an absolute one, and there exist several exceptions to it.
*714 In upholding the trial court’s order in the case at bench, the majority is using a legal theory that was not advanced by the moving party below, nor used by the trial judge. A review of the motion for dismissal made by the defendants indicates that the motion was based solely upon two code sections—section 583, subdivision (a), and section 583, subdivision (b), both of the Code of Civil Procedure. At no place in the defendants’ motion or in the memorandum of points and authorities do defendants indicate that the motion was being addressed to the inherent power of the court to dismiss an action apart from the power conferred upon the trial court by the provisions of Code of Civil Procedure section 583.
The instant case, therefore, is unlike that of lnderbitzen v. Lane Hospital (1936) 17 Cal.App.2d 103, 104 [61 P.2d 514], in which the court stated: “Appeal from a dismissal of an action for failure to use due diligence in the prosecution thereof. The motion to dismiss was addressed to the inherent discretionary power of the court and was granted under that power.” For the same reason the instant case is unlike that of Cameron v. Cameron (1952) 110 Cal.App.2d 258, 260 [242 P.2d 408], in which the court noted that “[d]efendant’s motion was not based on any statute but was addressed to the inherent power of the court.”
The formal order of dismissal, executed and signed by the trial judge, states: “Good cause appearing therefor, the above entitled action is hereby dismissed under the provisions of Sections 583(a) & 583(b) of the Code of Civil Procedure as to defendants Brentwood Savings and Loan Association and First Brentwood Corporation.” In placing the order of dismissal on both subdivision (a) and subdivision (b) of section 583, the trial judge of necessity relied upon inconsistent grounds in reaching his decision. Subdivision (a) confers upon the trial court a discretion to dismiss an action if not brought to trial within two years after filing of the action. But subdivision (b) of section 583 provides for mandatory dismissal if an action is not brought to trial within five years after the filing of the action.
It is difficult to understand how the trial court could have predicated its order of dismissal on these two inconsistent code sections except by accepting, without question, the inconsistent bases of defendants’ motion. The motion of defendants predicated their request for dismissal on the mandatory five-year provisions of subdivision (b) of section 583 *715 and, in the alternative, on the two-year discretionary provisions of subdivision (a) of section 583. As pointed out by the majority opinion, neither subdivision (a) nor subdivision (b) of section 583 of the Code of Civil Procedure was applicable in light of the fact that the case had been brought to trial by virtue of the proceedings which took place on November 2, 1972. The proceedings of November 2, 1972, brought into play subdivision (d) of section 583, which provides for a three-year period after a mistrial before a dismissal may be granted under this subdivision.
In my view once the trial court made its order of mistrial on November 2, .1972, the conclusion becomes inescapable that no jurisdiction existed for the trial court to entertain a motion to dismiss plaintiffs’ action pursuant to either subdivision (a) or subdivision (b) of section 583 of the Code of Civil Procedure. After November 2, 1972, defendants’ motion to dismiss properly could be entertained only pursuant to the provisions of subdivision (d) of section 583, or, under the inherent power of the court to consider dismissal of an action for lack of diligent prosecution without regard to any of the provisions of section 583.
Had defendants’ motion requested the trial court to act pursuant to its discretionary power to dismiss an action for failure of a plaintiff to prosecute it with due diligence, as was the situation in Cameron and Inderbitzen, the trial court’s order of dismissal could properly be sustained. However, since the defendants relied upon subdivisions (a) and (b) of section 583—neither of which would authorize the trial court’s .dismissal of the action under the circumstances presented in the instant case—the instant case must be considered as being similar to the situation presented in Webster v. Southern Cal. First Nat. Bank (1977) 68 Cal.App.3d 407 [137 Cal.Rptr. 293], in which a party advanced one theory in moving for a summary judgment and then advanced another theory on appeal to sustain the trial court’s order granting the motion.
In refusing to accept the new theory advanced on appeal, the Webster court said: “A party may not present his case at the trial court on one theory and then urge a completely different theory on appeal. As stated by the Supreme Court in Ernst v. Searle, 218 Cal. 233, at pages 240-241 [22 P.2d 713]: ‘A party is not permitted to change his position and adopt a new and different theory on appeal. To permit him to do so would not *716 only be unfair to the trial court, but manifestly unjust to the opposing litigant.’ ” (Webster, supra, 68 Cal.App.3d 407, 416-417.) This same admonition should apply to the reviewing court. A reviewing court should not adopt a new theory to support the erroneous action of the trial court based upon an erroneous theory advanced by the successful litigant below. The action of the majority in the instant case is “manifestly unjust to the opposing litigant”—the plaintiffs.
It has been stated that “[t]here are several situations in which the reasons for the trial court’s decision are either required by statute or, though not required, may have a significant effect on the determination of the appeal.” (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 229, p. 4219.) These are situations which may be described as exceptions to the principle that a trial court’s judgment or order should be upheld because the trial court reached the right result in spite of erroneous reasons given for its judgment or order.
One of the recognized exceptions is where the unrelied-upon reasons represent a failure of the trial court to pass on the merits of the matter presented before it. An example of this exception is found in Zak v. State Farm etc. Ins. Co. (1965) 232 Cal.App.2d 500, 506 [42 Cal.Rptr. 908], in which the court stated: “Where the record reflects that the trier of fact has not considered a theory under which the evidence is conflicting, the reviewing court cannot rely on that theory to sustain the action of the lower court.” A similar principle is set forth in Lippold v. Hart (1969) 274 Cal.App.2d 24, 26 [78 Cal.Rptr. 833], in which the court stated: “The trial judge’s comments indicate that, although he made an independent evaluation of the evidence, he failed to base his decision on the motion for a new trial upon that evaluation. That was error.”
I am satisfied that the situation presented in the case at bench is sufficiently similar to that presented in Zak and Lippold to constitute an exception to the general principle that permits the reviewing court to sustain the trial court on grounds not used by the trial court for its order or judgment. The rationale for the exceptions such as those set forth in Zak and Lippold is that, had the trial court used the appropriate criteria for determining the matter before it, the court would not necessarily have reached the decision which was reached. Thus, in Zak, the theory not relied upon by the trial court was one in which the evidence was conflicting. It is apparent that, in such a case, had the trial court considered the conflicting evidence, a different decision might well have *717 been reached. In the Lippold case, the trial court failed to base its decision on a motion for a new trial upon an independent evaluation of the evidence. Had the court done so, it might reasonably have reached a different result.
In exercising the inherent power to dismiss an action for the failure of the plaintiff to prosecute the action to trial with diligence, the trial court must, of necessity, engage in the exercise of sound discretion. The exercise of discretion may just as reasonably result in a denial of the motion to dismiss as in the granting of the motion to dismiss. Since the trial court in the case at bench did not exercise a discretion in granting the motion to dismiss, the reviewing court should not exercise the discretion for the trial court on any theory that, had defendants’ motion been made upon the proper ground, the trial court would necessarily have exercised its discretion in favor of a dismissal.
Just as in Lippold, where the comments of the trial judge indicated that he misconceived his duty at the hearing on the motion for new trial, so, in the case at bench, where the order of dismissal, by being predicated solely on subdivisions (a) and (b) of Code of Civil Procedure section 583, indicates that the trial judge had misconceived his duty at the hearing on the motion, the result should be the same that “an appellate court will not blindly affirm the judgment below because there is some evidence to support it. [Citations.] Such an approach ‘would let the form control the substance.’ ” (Lippold, supra, 247 Cal.App.2d 24, 26.)
In summary, it is my position that an order of dismissal, erroneously made pursuant to the provisions of Code of Civil Procedure section 583, subdivisions (a) and (b), cannot be sustained on appeal on the theory of an inherent power of the trial court to dismiss an action for failure of plaintiff to use diligence in the prosecution of the action—a theory neither advanced by the moving parties nor considered by the trial court. Since this theory used by the majority to support the trial court’s order is based upon the exercise of discretion by the trial court, the appellate principle that a trial court’s decision should be affirmed if it is correct on any theory, whether used by the trial court or not, is not applicable. I deem the instant case an exception to this appellate principle of review. The authority of the trial court to dismiss an action pursuant to the inherent power of the trial court to so act, without statutory authorization, involves the exercise of discretion which means a balancing of factors pro and con. Such a discretionary power necessarily falls within *718 the recognized exception to the general appellate principle—that unrelied-upon reasons may not be used by an appellate court to sustain a trial court’s decision where such reasons represent a failure of the trial court to pass on the merits of the matter presented before it. In my view, the balancing or weighing process involved in the exercise of discretion is no different from making a decision based on conflicting evidence. The fact that the trial court’s order of dismissal relied upon erroneous and, also, inconsistent, grounds of subdivisions (a) and (b) of section 583 of the Code of Civil Procedure (subd. (a) being discretionary and subd. (b) being mandatory), establishes, without question, that the trial court did not consider the matter of an exercise of discretion—the merits of a dismissal under the inherent power of the court—needed to justify a dismissal based upon the inherent power of the trial court.
I would reverse the order of dismissal from which the appeal has been taken.
Appellants’ petition for a hearing by the Supreme Court was denied September 8, 1977.